**In re SEIZURE WARRANT.**

**Appeal of Cyril ONWUASOANYA.**

**No. 87–3022.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 9, 1987.

---

Allan M. Palmer, Washington, D.C., was on appellant's motion for summary reversal.

Joseph E. DiGenova, U.S. Atty., and Michael W. Farrell and Claire M. Fay, Asst. U.S. Attys., Washington, D.C., were on appellee's opposition to motion for summary reversal.

Before STARR, and SILBERMAN, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Appellant seeks review of a district court decision denying his request for return of property seized under 21 U.S.C. § 881(a)(6) (1982). Because appellant cannot obtain relief under the Federal Rules of Criminal Procedure in a civil forfeiture case, we dismiss the appeal.

In the district court, the government sought a seizure warrant from a magistrate pursuant to 21 U.S.C. § 881(a)(6). The government requested a warrant in order to seize the contents of appellant's bank account which, allegedly, were used for illegal drug trafficking. Under section 881(a)(6), the United States is authorized to subject "all moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance in violation of [the Drug Abuse Prevention Act]" to seizure under the procedures described in 21 U.S.C. § 881(b) and forfeiture in a civil proceeding.

The magistrate issued the warrant. Subsequently, an officer assigned to a special Drug Enforcement Administration task force took the warrant to a Virginia office of appellant's bank. The officer returned to the District of Columbia and a check for the funds in appellant's bank account was mailed from Virginia into the District of Columbia.

Thereafter, appellant brought an action in the district court seeking return of his funds. Although there was no criminal action pending against appellant and despite the civil nature of the seizure, appellant's counsel filed a pleading captioned "Motion For Return Of Property Pursuant To Rule 41(e), [Fed.] R. [Crim.] P." Rule 41(e) states in part:

A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized.

Appellant argued below that the warrant was defective because the funds were located and the warrant was executed outside the territorial jurisdiction of the United States District Court for the District of Columbia.

The district court denied the motion. Appellant promptly filed this appeal and has moved for summary reversal. Before this court, appellant restates the claims which he presented below, namely, that the warrant was invalid because it was executed and the property was located outside of the district court's jurisdiction.

The government has opposed the motion for summary reversal. In its opposition, the government argues that the warrant was indeed valid and also argues that, in any event, Rule 41(e) of the Federal Rules of Criminal Procedure does not authorize the return of property subject to forfeiture under 21 U.S.C. § 881.

While we express no views on appellant's attacks on the warrant's validity, we agree with the government that appellant's property cannot be returned pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure.[1] Fed.R.Crim.P. 54(b)(5) clearly establishes that "these rules [*i.e.*, the Federal Rules of Criminal Procedure] are not available to ... civil forfeiture of property for violation of a statute of the United States."

This case is not one where a defendant's property was seized for use in a criminal prosecution, the defendant filed a Rule 41(e) motion in the criminal proceeding and then, following disposition of the criminal charges, the defendant renewed his Rule 41(e) action. *See United States v. Wright*, 610 F.2d 930 (D.C.Cir.1979); *United States v. Wilson*, 540 F.2d 1100 (D.C.Cir.1976). Here, as appellant acknowledges, "[t]he instant warrant is not associated with any pending criminal case; appellant not having been arrested nor charged with any offense in the District of Columbia or elsewhere." Motion for Summary Reversal at 3. The statutory authority relied on by the government in seeking the warrant and by the magistrate in issuing the warrant was the civil forfeiture provision of 21 U.S.C. § 881. *See United States v. $39,000 in Canadian Currency*, 801 F.2d 1210 (10th Cir.1986) (discussing the differences between civil forfeiture under section 881 and criminal forfeiture).

Because proceedings under section 881 are civil in nature and there is no criminal proceeding with which the seizure is connected, appellant cannot avail himself of the relief provided by Fed.R.Crim.P. 41(e). *See* Fed.R.Crim.P. 54(b)(5); *United States v. Rapp*, 539 F.2d 1156, 1160–61 (8th Cir. 1976); *United States v. Greenberg*, 334 F.Supp. 364 (W.D.Pa.1971). Therefore, we dismiss the appeal.

*It is so ordered.*

---

1. *But see Guerra v. United States,* 645 F.Supp. 775, 778 (C.D.Cal.1986) ("[T]he Supreme Court has several times suggested in dicta that where, as here, there is no criminal prosecution *in esse,* a suit pursuant to Rule 41(e) for the return of property is proper.") (citing *United States v. $8,850.00,* 461 U.S. 555, 569, 103 S.Ct. 2005, 2014, 76 L.Ed.2d 143 (1983) and *DiBella v. United States,* 369 U.S. 121, 131–32, 82 S.Ct. 654, 660–61, 7 L.Ed.2d 614 (1962)). Neither Supreme Court case, however, directly addressed the situation here where the seizure is admittedly pursuant to a civil forfeiture action.