UNITED STATES of America

v.

Nigel O. PRICE, Appellant.

No. 88–3004.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 20, 1989.

Decided Sept. 25, 1990.

Professor Herman Schwartz, with whom Robert M. Hausman, was on the brief, for appellant.

Nigel O. Price also entered an appearance for appellant.

Michael J. Ryan, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates, R. Craig Lawrence, and Robert E.L. Eaton, Jr., Asst. U.S. Attys., were on the brief, for appellee.

Before EDWARDS and BUCKLEY, Circuit Judges, and ROBINSON, Senior Circuit Judge.

Opinion for the Court filed *Per Curiam.*

PER CURIAM:

By order of the court, the precise issue to be considered on this appeal is as follows:

> [T]o what extent does the institution of civil forfeiture proceedings by the Drug Enforcement Administration pursuant to 21 U.S.C. § 881 interfere with the continuing jurisdiction of the district court to consider a post-conviction motion for the return of property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure?

*See United States v. Price*, No. 88–3004 (Order, D.C.Cir., Oct. 12, 1988).

In March of 1987, Appellant Nigel O. Price was arrested and indicted for violations of the Controlled Substances Act. On April 30, 1987, Price filed a motion under Rule 41(e) of the FEDERAL RULES OF CRIMINAL PROCEDURE for the return of currency and jewelry that had been found at the time of his arrest. Subsequently, in May of 1987, during the pendency of the criminal proceeding, but before any action had been taken on the Rule 41(e) motion, Price received notice from officials at the Drug Enforcement Administration (DEA) indicating their intention to seek forfeiture of the cash and jewelry as proceeds of the appellant's illegal trafficking in narcotics. Thereafter, on May 21, 1987, Price pled

guilty to a conspiracy to distribute cocaine; sentencing was set for July 14, 1987.

At the sentencing hearing, the District Court denied Price's Rule 41(e) motion. The trial judge found that, because the DEA had initiated civil forfeiture proceedings, the District Court was not the proper forum in which Price might seek the return of his property. Appellant subsequently renewed his Rule 41(e) motion, and the District Court declined to rule on it, citing the same reason.

Appellant's central argument is that the DEA's institution of a civil forfeiture proceeding did not affect the District Court's continuing jurisdiction over Price's Rule 41(e) motion, and that the District Court erred in declining to consider appellant's renewed Rule 41(e) motion. For the reasons that follow, we deny appellant's petition for review. We now hold that once the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the District Court has no jurisdiction to resolve the issue of return of property. In this case, Price's remedy was to challenge forfeiture in the administrative proceeding. His failure to do so did not confer continuing jurisdiction on the District Court.

## I. BACKGROUND

On March 19, 1987, appellant Nigel O. Price was arrested for narcotics trafficking in violation of the Controlled Substances Act. *See* 21 U.S.C. §§ 841(a), 846.[1] In the course of the arrests, DEA agents found $1,062.00 in cash on Price, as well as several pieces of gold jewelry which were subsequently appraised at approximately $18,205.00. The Government confiscated and retained the cash and jewelry. On April 7, 1987, Price was indicted; on April 30, 1987, he filed his initial Motion for Return of Property pursuant to FED.R.CRIM.P. 41(e).[2]

While Price's case was proceeding in the District Court, a DEA investigation concluded that the cash and jewelry confiscated at the time of Price's arrest were the proceeds of his involvement in the illegal trade of narcotics. In accordance with such findings, the DEA's Office of Chief Counsel, Asset Forfeiture Unit (AFU), decided to institute forfeiture proceedings.[3] On May 6, 1987, the AFU sent Price a Notice of Seizure and Intent to Forfeit by registered mail;[4] at this time, Price already had filed his initial Rule 41(e) motion for the return of his property, although no hearing had been held on the motion. The notice informed Price that the DEA had seized his jewelry pursuant to 21 U.S.C. § 881, that administrative forfeiture proceedings were underway, and that he could petition either the DEA or the court if he sought return of the seized property.[5] Spe-

---

1. Although 21 U.S.C. § 846 was amended in 1988, appellant had already been sentenced.

2. Rule 41(e) provides:

   (e) MOTION FOR RETURN OF PROPERTY. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of property on the ground that such person is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

3. The forfeiture was sought under 21 U.S.C. § 881(a) (1982 & Supp. V 1987), which provides

that various items of property shall be subject to forfeiture, including:

   (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter....

4. Affidavit of William J. Snyder, Forfeiture Counsel of the Drug Enforcement Administration (DEA), Department of Justice (*Snyder Affidavit*) at 2, Appellant's Appendix (A.A.) at 30, *United States v. Nigel Price*, Crim. No. 87-0138(GAG), (D.D.C.) (Referenced as Exhibit 12, Filed May 3, 1988).

5. See Exhibit 1 to *Snyder Affidavit, supra* note 4. The Notice of Seizure informed Price that he may petition the DEA to return the property or [his] interest in it (remission or mitiga-

cifically, Price was apprised that he could present a petition for remission or mitigation within 30 days of his receipt of the notice, or, if he wished to appeal to the court, he could file a petition for return of property "within twenty (20) days of the *first date* of publication of the notice of seizure in the Wednesday edition of *USA Today*." [6] If Price chose to seek redress in court, he would have to file a claim of ownership with the DEA, and submit a bond to the agency as well.

The DEA sent Price a second notice of seizure on May 12, 1987, covering the $1,062.00 in cash found on Price at the time of his arrest. The language of the May 12 notice paralleled that of the May 6 notice. Both notices were received by Price on May 18, 1987.

On May 19, 1987, the Government filed an opposition to Price's Rule 41(e) Motion for Return of Property, and on Wednesday, May 27, the DEA published its first of three notices of seizure and intent to forfeit in *USA Today*, as required by 21 C.F.R. § 1316.75 (1988). Interested persons, such as owners and lienors, may proceed administratively to protect their interests,[7] while the person from whom an asset is seized may seek recourse either administratively or by removing the action to the courts. If no petitions are filed then the property is forfeited according to administrative procedures.

By the time the first notice of forfeiture was published in *USA Today*, Price had pled guilty to a violation of 18 U.S.C. § 371 (1987), and was awaiting sentencing. At Price's sentencing hearing on July 14, 1987, the trial judge denied Price's Rule 41(e) motion, because "forfeiture proceedings [had been] initiated;" thus, in the view of

the trial judge, the question of whether the property was to be returned was a matter for determination in subsequent forfeiture proceedings.[8]

Price never availed himself of the administrative procedures to challenge the proposed forfeiture; thus, his property was forfeited to the DEA on November 23, 1987 (cash) and January 7, 1988 (jewelry).[9]

On October 30, 1987, Price renewed his Rule 41(e) motion. The District Court denied this motion on December 14, and Price filed a Notice of Appeal to this court on December 28. Upon order of the court, the case was remanded for the District Court to set forth the reasons for its denial of Price's second Rule 41(e) motion. On remand, the District Court reiterated that the Rule 41(e) motion had been denied because the administrative forfeiture proceedings were in progress. *United States v. Price*, No. 87–138–02 (Report on Remand, D.D.C., Sept. 13, 1988). Thereafter, Price renewed his appeal with this court, claiming that the District Court erred in denying his second Rule 41(e) motion filed on October 30, 1987. The parties were then instructed by the court to address the following question:

> [T]o what extent does the institution of civil forfeiture proceedings by the Drug Enforcement Administration pursuant to 21 U.S.C. § 881 interfere with the continuing jurisdiction of the district court to consider a post-conviction motion for the return of property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure? *See United States v. Wilson*, 540 F.2d 1100, 1103 (D.C.Cir.1976).

*United States v. Price*, No. 88–3004 (Order, D.C.Cir., Oct. 12, 1988).

---

tion), and/or [that he] may contest the seizure and forfeiture of the property in *COURT*. (Emphasis in original).

**6.** *Id.* Price was advised that the publication notice would be run for three successive weeks in the Wednesday edition of *USA Today*.

**7.** Petitions could be filed with the DEA pursuant to 19 U.S.C. § 1618 (1982 & Supp. V 1987) and 21 C.F.R. § 1316.71–1316.81 (1988).

**8.** Appellee's Appendix at 65.

**9.** On June 11, 1987, Price's counsel contacted the DEA, stating that he represented a Simon Taylor, who wished to lay claim to the seized jewelry. A thirty-day extension was requested on behalf of Taylor to prepare adequately for the forfeiture hearing. Taylor died during the pendency of the administrative petition, and Taylor's girlfriend, Beverly Fox, retained Price's attorney, claiming the jewelry belonged to her. The DEA denied her claim for failure to establish a valid, good-faith ownership interest.

## II. ANALYSIS

### A. *The Parties' Arguments*

■ The issue at hand is whether the Government, by instituting administrative forfeiture proceedings before the District Court resolves a putative owner's Rule 41(e) motion, can preempt the District Court's jurisdiction to hear a defendant's post-conviction Rule 41(e) claim. We hold that the Government can so preempt the District Court's jurisdiction.

Price contends that the District Court presiding over the criminal case against him was vested with jurisdiction to dispose of motions for return of property filed pursuant to FED.R.CRIM.P. 41(e), and that such jurisdiction was retained even after his conviction and sentencing despite the initiation of civil administrative forfeiture proceedings involving the same property. Relying on this circuit's decision in *United States v. Wilson*, 540 F.2d 1100 (D.C.Cir.1976), and the Tenth Circuit's decision in *Floyd v. United States*, 860 F.2d 999 (10th Cir.1988), Price argues that a District Court has equitable jurisdiction to dispose of a defendant's Motion for Return of Property, and that the mere initiation of an administrative forfeiture proceeding should not bar the District Court from exercising such jurisdiction. Citing *Floyd*, the appellant urges that, in any event, "[t]he inquiry [by the trial court] should always be equitable and not mechanical, and thus resolution [as to whether to assert jurisdiction] should not turn on a pure race between the parties to file or publish notice." *Floyd*, 860 F.2d at 1004 (citations omitted). Alternatively, Price argues that even if a "race" is used to determine jurisdiction, the trial court should have resolved his Rule 41(e) motion because it was filed before the DEA initiated any forfeiture proceedings.

The Government argues that the Federal Rules of Criminal Procedure specifically state that the rules "are not available [in] ... civil forfeiture of property for violation of a statute of the United States." FED.R. CRIM.P. 54(b)(5). Accordingly, the Government claims that the District Court did not have jurisdiction to rule on Price's post-conviction Motion for Return of Property filed pursuant to Rule 41(e). The Government distinguishes *United States v. Wilson*, and asserts that the court's ruling in *In re Seizure Warrant*, 830 F.2d 372 (D.C.Cir. 1987), *vacated sub nom. Onwuasoanya v. United States*, 488 U.S. 920, 109 S.Ct. 299, 102 L.Ed.2d 319 (1988), is dispositive insofar as it indicates that "Rule 41(e) of the FEDERAL RULES OF CRIMINAL PROCEDURE does not authorize the return of property subject to forfeiture under 21 U.S.C. § 881." 830 F.2d at 374. Simply put, the Government argues that Congress intended for the administrative forfeiture scheme to preempt the District Court's jurisdiction so as to provide an exclusive avenue to resolve forfeiture disputes. For the reasons that follow, we find that the Government has the better of the argument in this case.

### B. *The Applicability of Rule 41(e) in the Face of a Pending Civil Forfeiture Action*

We note at the outset that appellant's reliance on *United States v. Wilson*, 540 F.2d at 1100, is misplaced. In *Wilson*, the Government had argued that the trial court lost its jurisdiction over the disposition of property once the criminal proceeding terminated with the defendant's sentencing. We addressed a narrower question, namely

> the jurisdiction and duty of a federal district court in a criminal case to return to the defendant that property seized from him in the investigation, *but which is not alleged to be* stolen, contraband, or *otherwise forfeitable*, and which is not needed, or is no longer needed, as evidence.

*Id.* at 1101 (emphasis added). With the issue so framed, we held that "the District Court has both the jurisdiction and the duty to ensure the return" of the defendant's property but only when "no government claim lies" against that property. *Id.* at 1101, 1103. Where the Government had not asserted that the property was "otherwise forfeitable," a "claim by the owner for the return of property cannot be successfully resisted by asserting that the property *is subject to* forfeiture. If the

property is subject to forfeiture, appropriate proceedings should be started expeditiously." *Id.* at 1104 (emphasis in original).

*Wilson* therefore did not resolve the jurisdictional issue that has been raised in this case. *Wilson* only addressed those instances in which the Government has not alleged that the property was "otherwise forfeitable" and has not instituted administrative proceedings to effectuate the forfeiture of the property. In the instant case, the Government did allege that the property was "otherwise forfeitable" and did initiate administrative proceedings. Furthermore, in *Wilson,* it was essential for the District Court to retain jurisdiction in order for the owner to secure meaningful review on the claim to his property. In this case, however, Price could have pursued a claim for his property in the administrative forum.

As the Government suggests, our holding in *In re Seizure Warrant,* 830 F.2d at 372, would appear to be dispositive of the jurisdictional issue in this case. The appellant in *In re Seizure Warrant* was arrested and his property was seized, but no charges were brought. Instead, the Government instituted civil forfeiture proceedings. Appellant then filed a Rule 41(e) motion. This court held that Rule 41(e) is normally utilized only in the context of an ongoing criminal proceeding. The appellant could not seek the return of his property under Rule 41(e) because Rule 54(b)(5) "clearly establishe[d]" that the criminal rules were not available to contest civil forfeitures. *Id.* at 374; FED.R.CRIM.P. 54(b)(5) ("These rules are not applicable to ... civil forfeiture of property for violation of a statute of the United States...."). The court strongly suggested that Rule 41(e) is applicable only when property is seized "for use in a criminal prosecution." 830 F.2d at 374. *Cf. United States v. Castro,* 883 F.2d 1018, 1019–20 (11th Cir. 1989) (where property was not being retained for use as evidence but was the subject of a separate civil forfeiture proceeding, "the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a Rule 41(e) motion, but filing a claim in the civil forfei-

ture action") (citations omitted). Indeed, the suggestion found in *In re Seizure Warrant* is consistent with the language of Rule 41(e), which states that a Motion for Return of Property "after an indictment or information is filed, ... shall be treated also as a motion to suppress under Rule 12." FED.R.CRIM.P. 41(e). In *In re Seizure Warrant,* the appellant could not avail himself of Rule 41(e) because no criminal proceeding involving the property was pending, and the property was subject to civil forfeiture proceedings. 830 F.2d at 374. Similarly, appellant Price could not avail himself of Rule 41(e) because the criminal proceeding involving the property had ended, and the property was subject to civil forfeiture proceedings.

This conclusion is consistent with the Eighth Circuit's holding in *In re Harper,* 835 F.2d 1273 (8th Cir.1988). As in *In re Seizure Warrant,* "[n]o criminal charges were ever brought against Harper.... After Harper filed his rule 41(e) motion for return of the seized money, the government initiated forfeiture proceedings." *Id.* at 1274. The court relied on our holding in *In re Seizure Warrant* to conclude that Rule 54(b) barred Harper's Rule 41(e) motion, and Harper had to suffer the consequences of failing to challenge the seizure and proposed forfeiture in the administrative proceedings. *Id.* "[T]he legality of a seizure should be tested in the forfeiting proceeding," *id.* at 1274–75 (citations omitted), unless, of course, the Government fails to institute forfeiture proceedings. *See Wilson,* 540 F.2d at 1101, 1103–04.

Accordingly, we now hold that once the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the District Court has no jurisdiction to resolve the issue of return of property. In this case, Price's remedy was to challenge forfeiture in the administrative proceeding. His failure to do so did not confer continuing jurisdiction on the District Court.

We are not persuaded by appellant's reliance on *Floyd v. United States,* 860 F.2d at 999. In *Floyd,* the Tenth Circuit held that the trial court could rule on the defen-

dant's Rule 41(e) motion "when the administrative forfeiture was instituted *after* the Rule 41(e) *hearing.*" *Id.* at 1008 (emphasis added) (footnote omitted). Although the Government was aware of the impending Rule 41(e) hearing, the Government chose not to initiate the administrative proceeding until after the hearing actually occurred. *Id.* at 1004. In light of these particular facts, the Tenth Circuit found that the trial court "did not abuse its discretion by retaining jurisdiction after the publication of administrative notice." *Id.* The situation in *Floyd* is entirely different from the one presented in this case. Therefore, it is unnecessary for us to decide whether a trial court retains equitable discretion to deal with a problem of the sort posed in *Floyd.*

C. *Appellant's Double Jeopardy Claim*

■ Appellant also asserts that the Government violated the double jeopardy clause when it proceeded with a civil forfeiture proceeding after the conclusion of his criminal proceeding. Appellant contends that the initiation of forfeiture proceedings amounts to a criminal action against the putative owner, as the aim is punitive in that it seeks to punish individuals who profit from criminal enterprise. Jeopardy, appellant asserts, attaches upon the initiation of independent proceedings in District Court, and allowance of the forfeiture proceeding amounts to double jeopardy. The Government counters that the administrative forfeiture proceedings are civil *in rem* actions brought against the property itself.

The double jeopardy clause of the Fifth Amendment is not applicable "[u]nless the forfeiture sanction was intended as punishment, so that the proceeding is essentially criminal in character." *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 362, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361 (1984). If the proceedings are "criminal and punitive," concededly a question of statutory interpretation, then double jeopardy may apply. *Id.* If it appears that Congress " 'indicated an intention to establish a civil penalty,' " *id.* (quoting *United States v. Ward,* 448 U.S. 242, 248, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980)), a court

has the duty to " 'inquire[ ] further whether the statutory scheme was so punitive either in purpose or effect as to negate that intention.' " *Id.* at 362–63, 104 S.Ct. at 1104–05 (quoting *Ward,* 448 U.S. at 248, 100 S.Ct. at 2641).

This court has held that forfeiture "proceedings under section 881 are civil in nature." *In re Seizure Warrant,* 830 F.2d at 374; *see also United States v. Castro,* 883 F.2d at 1019 ("a forfeiture proceeding is a civil action, not a criminal one"). The Fifth Circuit, addressing the nature of Section 881(a)(6), held that "the inescapable conclusion [is] that Congress designed the section to be a remedial civil sanction." *United States v. D.K.G. Appaloosas, Inc.,* 829 F.2d 532, 543 (5th Cir.1987), *cert. denied sub nom. One 1984 Lincoln Mark VII Two–Door v. United States,* 485 U.S. 976, 108 S.Ct. 1270, 99 L.Ed.2d 481 (1988). The language in other subsections of section 881 refers to the civil nature of the forfeiture proceedings, and the procedures to be followed in executing these proceedings are referenced to the procedures under the customs seizures, which are decidedly civil in nature. *See D.K.G. Appaloosas, Inc.,* 829 F.2d at 543, 545; 21 U.S.C. § 881(b)(4) ("property is subject to civil forfeiture under this subchapter"); 21 U.S.C. § 881(i) ("filing of an indictment or information ... shall ... stay the civil forfeiture proceeding"). Finally, the existence of *in personam* criminal forfeiture proceedings under 21 U.S.C. § 853 gives additional support to the reading that section 881(a)(6) is civil in nature.

Furthermore, section 881(a)(6) is not "so punitive either in purpose or effect" as to stamp upon a professed civil penalty an overriding, unstated criminal intent. *See United States v. One Assortment of 89 Firearms,* 465 U.S. at 362–63, 104 S.Ct. at 1104–05. As the Fifth Circuit noted, "because all 'sanctions' are necessarily 'penal' to some degree" the court should endeavor to ascertain "whether the sanction serves *primarily* a penal purpose" rather than merely determining "whether it serves *at least* a penal purpose." *D.K.G. Appaloosas, Inc.,* 829 F.2d at 544 (emphasis in

original). The present statute deters drug trafficking by seizing assets and subjecting them to forfeiture upon a determination that the assets were most likely the proceeds derived from illegal drug trafficking. Only those assets linked to such criminal enterprise are affected. An individual may present evidence showing that there existed a traceable income which could account for the possession of the seized assets. Additionally, the statute is not punitive in that it takes all of an individual's assets; the scope is limited to the profits of an illegal trade. The statute is punitive only insofar as it does not condone the trade in narcotics by permitting persons involved in such trade to retain ill gotten gains.

We do not find the measures taken by Congress to be of a truly punitive nature.

Accordingly, we reject appellant's double jeopardy claim.[10]

### III. Conclusion

Because we find that the initiation of administrative forfeiture proceedings divested the District Court of its jurisdiction to dispose of appellant's post-conviction Rule 41(e) motion, and because this holding does not implicate the double jeopardy clause of the Fifth Amendment, the holding of the District Court is affirmed.

*It is so ordered.*

---

**10.** Even more unavailing is appellant's contention that reference to the forfeiture of a vehicle in the affidavit of William Snyder, Forfeiture Counsel to the DEA's Asset Forfeiture Unit, addressing the forfeiture of $1062.00 in cash, was an error of a magnitude that warrants setting aside the forfeiture. The original notice sent to Price made clear that the $1062.00 in cash was affected and Snyder's affidavit referred to the correct DEA case and seizure numbers; the error in the affidavit was an obvious and harmless clerical error.