**In re ONE HUNDRED FIFTEEN THOUSAND FIVE DOLLARS IN UNITED STATES CURRENCY.**

**Misc. No. 91–0449.**

United States District Court, E.D. Pennsylvania.

Oct. 24, 1991.

M. Taylor Aspinwall, U.S. Attys. Office, Philadelphia, Pa., for U.S.

Arthur R. Shuman, Wyndmoor, Pa., for Rocco J. Bucci.

## MEMORANDUM ORDER

CLIFFORD SCOTT GREEN, Senior District Judge.

Presently before the Court is the motion of Movant Rocco Bucci to Return One Hundred Fifteen Thousand Five Dollars in United States Currency to his possession and the Motion of the United States Government to Dismiss Movant's motion.

### I. *Background*

On February 12, 1991, the Pennsylvania State Police, citing violations of the Pennsylvania gambling laws, obtained a search warrant for the home of the Movant, Rocco Bucci. During the course of the search, the disputed currency was seized. No state criminal charges were filed. Movant immediately filed a petition in state court for the return of the money, alleging that his possession of it had been lawful. On June 6, 1991, the state court granted Mr. Bucci's petition. On June 27, 1991, prior to the state's return of the money to Bucci, the Federal Bureau of Investigation ("FBI") seized the currency pursuant to a Seizure Warrant issued on June 24, 1991.

The FBI seized the money on the ground that it had been used to facilitate an illegal gambling operation in violation of 18 U.S.C. § 1955, the federal illegal gambling statute. The following day, June 28, Mr. Bucci filed a motion for the return of the currency, pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, claiming that he had been illegally deprived of his property. Thereafter, on July 3, 1991, the Government instituted an administrative forfeiture proceeding against Mr. Bucci and the disputed money pursuant to 18 U.S.C. § 1955, which incorporates the procedures of 19 U.S.C. § 1602, *et seq.* As of this date, no federal criminal charge has been brought against Mr. Bucci.

### II. *Discussion*

The Government, in its motion to dismiss the Rule 41(e) motion, challenges the continued jurisdiction of this court over this matter after commencement of the administrative forfeiture proceeding under 18 U.S.C. § 1955.

The Government proffers three reasons for the court's alleged lack of jurisdiction. First, according to the Government, the absence of any criminal charge against the Movant should preclude him from resorting to a 41(e) motion under the Federal Rules of Criminal Procedure. Second, the Government contends that even if jurisdiction initially existed, this court was automatically divested of jurisdiction over the matter when the administrative proceeding commenced pursuant to 18 U.S.C. § 1955. As a third alternative, the Government argues that no basis exists for the court to continue to exercise jurisdiction pursuant to its equitable powers.

Rule 41(e) authorizes a preindictment motion for the return of property. The rule states, in pertinent part:

"A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property ... If the motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated as a motion to suppress under Rule 12."

Federal Rules of Criminal Procedure, Rule 41(e).

The Third Circuit has not decided whether the later commencement of an administrative forfeiture proceeding automatically divests the district court of criminal Rule 41(e) jurisdiction. It is clear that other circuit courts considering the question have found that it is appropriate for a district court to relinquish jurisdiction once an administrative forfeiture proceeding is com-

menced. *See United States v. Elias*, 921 F.2d 870 (9th Cir.1990); *United States v. Price*, 914 F.2d 1507 (D.C.Cir.1990); *United States v. Castro*, 883 F.2d 1018 (11th Cir.1989); *Shaw v. United States*, 891 F.2d 602 (6th Cir.1989). However, the Tenth Circuit, has held that there are circumstances where justice requires that the district court retain jurisdiction pursuant to its equitable powers of supervision over the United States Attorneys in its district. *Floyd v. United States*, 860 F.2d 999 (10th Cir.1988).

Here, unlike in *Floyd*, the Government timely moved to assert its civil claim to the money by invoking the administrative process provided by statute. The administrative remedy affords movant a forum in which complete relief may be granted. Moreover, the present record does not reveal any improper conduct by the Government, nor does it show any prejudice to the movant, if this 41(e) motion is dismissed. Thus, there is no support in the record for the continuation of jurisdiction pursuant to the equitable power of the court.[1]

Accordingly, it is ORDERED, this 23rd day of October, 1991, that the motion of the United States Government for the dismissal of Mr. Bucci's motion is GRANTED.

---

1. A separate order will be entered as to the United States' motion to Reconsider and Vacate this court's order of August 14, 1991.