**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY KNOWN AS 311 CLEVELAND AVENUE, HAMILTON, OHIO, Defendant.**

**No. C–1–91–910.**

United States District Court,
S.D. Ohio, W.D.

Aug. 31, 1992.

Kathleen Mary Brinkman, U.S. Dept. of Justice, Cincinnati, Ohio, for U.S.

Kirk Sampson, Lerner, Sampson & Rothfuss Co., Cincinnati, Ohio, for Real Property known as 311 Cleveland Avenue, Hamilton, Ohio.

Carl Morgenstern, Carl Morgenstern Co., Hamilton, Ohio, for Ernie Lee Sizemore and Barbara S. Sizemore.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the Plaintiff United States' Motion for Summary Judgment (doc. 10), the Defendants' Response (doc. 13), the Defendants' Motion for Leave to Supplement its Response (doc. 14), and the Plaintiff's Supplemental Memorandum (doc. 15).

The Defendants' Motion for Leave is granted. Therefore, all matters filed with the Court have been considered in the rendering of this decision.

## BACKGROUND

Upon the advice of a reliable informant, the Hamilton Police searched the Ernie and Barbara Sizemore's property at 311 Cleveland Avenue pursuant to a search warrant. The police discovered 354 marijuana plants, books relating to the growth of marijuana, guns, loose marijuana, grow lights, humidifiers, fans, atomizers, and a carbon dioxide feeding system. Out of the 354 marijuana plants, about 25 were mature plants, each of which would yield about seven to eight grams of marijuana. The Sizemores claim to have cultivated the marijuana solely for their own use.

After finding this evidence, the police arrested the owners of the property, the Sizemores. The Sizemores were arrested and charged with among other counts, trafficking in marijuana. In Ohio, trafficking in marijuana is an offense punishable by more than one year's imprisonment. On September 16, 1991, Barbara Sizemore pled guilty to trafficking in marijuana and possession of criminal tools. On that same day, her husband, Ernie Sizemore, plead guilty to trafficking in marijuana and permitting drug abuse. Both Sizemores admitted that 311 Cleveland Avenue was the site where they had cultivated the marijuana which gave rise to the offenses to which they were pleading guilty.

Counsel for the Sizemores point out that the state court gave both Barbara and Ernie Sizemores the lightest sentences and fines allowed under Ohio law. The Sizemores were charged for "trafficking," because the Ohio legislature has determined that if a defendant possesses an illegal drug over a certain amount, the defendant must be charged with "trafficking."

## STANDARD OF REVIEW

■ The narrow question that we must decide on a motion for summary judgment is whether there exists a "... genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether issues exist that should be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982).

■ The moving party "has the burden of showing *conclusively* that there exists no genuine issues as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) (emphasis in original), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Moreover, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id.* (quoting Rule 56(c), Fed.R.Civ.P.).

■ Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.* The Supreme Court elaborated upon this standard, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), as follows:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.... *Id.* at 322, 106 S.Ct. at 2552. Summary judgment is not appropriate if a dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Nevertheless, conclusory allegations are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir.1990).

■ In forfeiture cases, the United States, as the moving party, has the initial burden to show that no genuine issue of material facts exists and that the United States is entitled to a judgment as a matter of law. Once the United States has made such a showing, the burden shifts to the opposing party to show by a preponderance of the evidence that there remains a genuine issue of a material fact in the case. *See United States v. One 1975 Mercedes 280S,* 590 F.2d 196, 199 (6th Cir.1978).

## DISCUSSION

■ Congress has provided that the United States may seize real property "... which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment...." 21 U.S.C. § 881 (1992). Violations involving the manufacture, distribution, or possession with intent to distribute controlled substances fall under this civil forfeiture statute.

■ The Sizemores pleaded guilty to the crime of trafficking in marijuana—a crime punishable by more than one year's imprisonment. The Sizemores used their house to facilitate their crime. Therefore, under the civil forfeiture statute the United States has the right to seize the Sizemores' house.

The Defendants assert several arguments why this Court should forbid the seizure of their house. We shall examine these in turn.

*Whether the forfeiture statute violates the Eighth Amendment*

■ Many courts have considered whether the Eighth Amendment's prohibition against cruel and unusual punishment applies to civil forfeiture actions. All have determined that it does not. *See e.g., United States v. Real Property and Residence at 3097 111th Ave.,* 921 F.2d 1551, 1557 (11th Cir.1991); *United States v. 141st Street Corp.,* 911 F.2d 870, 880–81 (2d Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1017, 112 L.Ed.2d 1099 (1991); *United States v. One 107.9 Acre Parcel of Land,* 898 F.2d 396, 400–01 (3d Cir.1990).

In response, the Defendants point to certain language in *Browning–Ferris Indus., Inc. v. Kelco Disposal, Inc.,* 492 U.S. 257, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989). In particular, the Defendants cite *Browning* for the proposition that the Eighth Amendment places limits on the steps that the United States government may take against an individual.

■ We agree that the Eighth Amendment places limits on the steps a government may take against an individual. However, the duty of this Court is to obey the law in rendering its decisions. Six Circuit Courts of Appeal have considered this very issue, and they have uniformly determined that an Eighth Amendment issue does not arise in civil forfeiture actions. We agree with these decisions and conclude that the seizure of the Sizemores' house does not implicate the Eighth Amendment.

*Whether judicial restraint should be used to bar forfeiture*

■ The Defendants next argue that this Court should exercise judicial restraint to halt this forfeiture proceeding. The Defendants argue that it would be draconian to allow the seizure of the Sizemores' house for a crime punishable by probation and the minimum mandatory fine.

Judicial restraint is not appropriate in this case. While Defendants' counsel make a sympathetic argument on their clients' behalf, the Defendants have violated the

law and must live with the repercussions of their actions. The Defendants were using their house in an elaborate system to cultivate hundreds of marijuana plants. Furthermore, in enacting the civil forfeiture statute Congress recognized that this country suffers from a prevalent drug problem. In light of the fact that this Court has a Constitutional duty to apply the laws of Congress within the bounds of the Constitution, we find no reason to exercise judicial restraint in this case.

*Whether the forfeiture statute violates Double Jeopardy*

The Defendants next argue that the seizure of their house would violate the double jeopardy clause, because they have already been punished by the state court for their criminal actions. However, a forfeiture pursuant to 21 U.S.C. § 881 is civil and not criminal in nature. *United States v. Price,* 914 F.2d 1507, 1512–13 (D.C.Cir.1990). Thus, the United States Supreme Court has held that because civil forfeiture is not a criminal penalty, a civil forfeiture does not implicate the Double Jeopardy Clause. *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 362, 104 S.Ct. 1099, 1104–05, 79 L.Ed.2d 361 (1984) (later superseded by statute).

## CONCLUSION

Accordingly, as there are no disputes as to the material facts, the United States' Motion for Summary Judgment is granted.

SO ORDERED.