[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2009
THOMAS K. KAHN
CLERK

No. 09-12982
Non-Argument Calendar

_____

D. C. Docket No. 06-20556-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEOVANNY ZAMBRANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 17, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Geovanny Zambrano, a federal prisoner proceeding pro se, appeals from the district court's denial of his motion for return of property, filed pursuant to Fed.R.Crim.P. 41(g) ("Rule 41(g)"). Zambrano argues that the district court erred

in determining that it lacked the authority to consider his Rule 41(g) motion for return of property because he failed to allege that his property was seized pursuant to an unlawful arrest and because the $9,100.00 in dispute was administratively forfeited. After thorough review, we affirm.

We review questions of law dealing with a district court's denial of a motion for return of seized property de novo. United States v. Howell, 425 F.3d 971, 973 (11th Cir. 2005). Accordingly, we review "de novo a district court's determination that it lacks the authority to exercise equitable jurisdiction, as this is purely a question of law." United States v. Martinez, 241 F.3d 1329, 1330 (11th Cir. 2001). However, where a district court declines to exercise equitable jurisdiction, we only review the determination for abuse of discretion. See United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006), abrogated on other grounds by Bowles v. Russell, 551 U.S. 205 (2007). Moreover, we "may affirm the district court's decision on any adequate ground, even if it is other than the one on which the court actually relied." Smith v. Allen, 502 F.3d 1255, 1280 (11th Cir. 2007) (quotation omitted). Here, the district court determined that it lacked the authority to consider Zambrano's Rule 41(g) motion and, thus, we review the matter de novo.

Pursuant to Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's

2

return" by filing a motion in the district court where the property was seized. Fed.R.Crim.P. 41(g). This rule not only provides recourse for persons aggrieved by the unlawful seizure of personal property, but also when lawfully seized property is unreasonably retained by the government. See id., Advisory Committee Note to the 1989 Amendments (explaining that the rule no longer simply permits persons to seek return of property obtained from an unlawful search or seizure). A Rule 41(g) motion is unavailable, however, when property is retained pursuant to administrative or civil forfeiture. See United States v. Eubanks, 169 F.3d 672, 673-74 (11th Cir. 1999). Under such circumstances, the proper method of recovery is a civil action. United States v. Castro, 883 F.2d 1018, 1019-20 (11th Cir. 1989).

Where, as here, a Rule 41(g) motion is filed after the conclusion of criminal proceedings, the motion is treated as a civil action in equity over which a district may exercise equitable jurisdiction. Machado, 465 F.3d at 1307; Martinez, 241 F.3d at 1330-31. The "decision to exercise equitable jurisdiction is highly discretionary" and jurisdiction is generally appropriate "only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice." Eubanks, 169 F.3d at 674. In Machado, we noted that it would be inequitable to return property obtained through criminal activity or property that a

3

defendant "voluntarily forfeited to the government as part of a valid plea agreement" after receiving the "full benefit of the bargain." 465 F.3d at 1307. Moreover, for a district court to exercise equitable jurisdiction, "the owner of the property must have clean hands." Id. (quotation omitted).

In determining that it lacked authority to consider Zambrano's motion for the return of property, the district erred in concluding that Rule 41(g) only applies where property is taken pursuant to an unlawful arrest. Contrary to the court's contention, the rule also provides a mechanism for the recovery of property that was lawfully seized but illegally retained by the government. Fed.R.Crim.P. 41(g); id., Advisory Committee Note to the 1989 Amendments. Moreover, since Zambrano's motion was filed after the close of criminal proceedings, the district court erred in not treating the motion as a civil action over which it could theoretically exercise equitable jurisdiction.

Nonetheless, despite any actual or potential errors, the record overwhelmingly supports the district court's ultimate determination that it lacked authority to consider Zambrano's motion for return of property. See Smith, 502 F.3d at 1280. Since Zambrano's Rule 41(g) motion was filed after the close of criminal proceedings, the court could only exercise jurisdiction if it were equitable to do so. See Machado, 465 F.3d at 1307. Here, however, Zambrano pled guilty to

4

a drug offense in which he used the disputed currency and, as part of his guilty plea, he expressly agreed to forfeit the funds. Id. Given Zambrano's conduct, there are precious few equities we can discern that cut in Zambrano's favor, and indeed, so many equities that cut so heavily against him. As a result, we see no basis on which the district court could have relied to exercise its discretion to review Zambrano's Rule 41(g) motion under its equitable authority. Accordingly, we affirm.[1]

      **AFFIRMED.**

---

[1] As for Zambrano's suggestion that the district court should have exercised equitable jurisdiction in light of an alleged due process notice violation, we are also unpersuaded. Zambrano did not raise his constitutional claim in the district court and, as a general rule, appellate courts "will not consider a legal issue or theory raised for the first time on appeal" in civil matters. See United States v. Southern Fabricating Co., 764 F.2d 780, 781 (11th Cir. 1985). Moreover, even if this Court were to exercise its discretion to the consider the argument, Zambrano's unclean hands would still preclude the exercise of equitable jurisdiction over the Rule 41(g) motion. See Machado, 465 F.3d at 1307.