**UNITED STATES of America, Plaintiff,**

v.

**The PREMISES OF 2ND AMENDMENT GUNS, LLC and buildings located at 2701 Coed Place, Grants Pass, Josephine County, OR, Defendant.**

Case No. 1:12–mc–00295.

United States District Court, D. Oregon, Medford Division.

Dec. 7, 2012.

Shaun S. McCrea, McCrea, PC, Eugene, OR, for Claimants.

Douglas W. Fong, United States Attorney's Office, Medford, OR, for United States of America.

### ORDER ON CLAIMANT CLOW'S MOTION TO RETURN PROPERTY

CLARKE, United States Magistrate Judge.

Claimants Wilson Lee Clow Jr., George Clow and Lynne Clow filed a Motion to Return Property (# 6) pursuant to Federal Rule of Criminal Procedure 41(g). For the reasons set forth below, the motion is denied.

Agents from the Bureau of Alcohol, Tobacco & Firearms ("ATF") and other government agents on August 22, 2012 executed a search warrant at 2nd Amendment Guns LLC, a gun store owned and operated by Wilson and Lynne Clow ("Mr. and Mrs. Clow") located at 2701 Coed Place in Grants Pass, Oregon. The gun store has a Federal Firearms License ("FFL"). The search warrant also covered other buildings at the premises, including the separate residence of Mr. & Mrs. Clow and a garage. The items to be seized were "Evidence, contraband, fruits, and instrumentalities of violations of the following five separate alleged criminal violations of" the Gun Control Act (18 U.S.C. § 922):

1. Selling Firearm to a Felon, 18 U.S.C. § 922(d)(1)

2. Failing to Record Proper Firearm Transfer Records, 18 U.S.C. § 922(b)(5)

3. False Entry and/or Failing to Maintain Firearms Record, 18 U.S.C. § 922(m)

4. Failure to Run Background Check in Sale of Firearm, Title 18 § 922(t)

5. False Statement on Firearms Record, Title U.S.C. § 924(a)(1)(A).

The items to be seized included, among other things, "All firearms available for retail sale or intended to be offered for sale, including but not limited to, firearms on display and other firearms in inventory which are owned or possessed by 2nd Amendment Guns, LLC" and "firearms, regardless of ownership, not logged into FFL records as required by Law." According to the Clows, government agents seized approximately 221 guns, 103 from the Gun shop and 118 from the residence and garage along with computers and documents. Mr. & Mrs. Clow were not arrested.

The ATF started administrative forfeiture proceedings against the seized firearms pursuant to the Civil Asset Forfeiture Act ("CAFRA"), 18 U.S.C. § 983. The ATF has pursuant to 18 U.S.C. § 983(a)(1)(i) provided timely notice of its intent to seek forfeiture to Mr. & Mrs. Clow and other identified potential owners of the firearms, including their son, George Clow, who does not reside at the premises. The Clows filed claims in the administrative proceeding on or about October 18, 2012. The government in their supplemental response indicate it intends to commence a civil forfeiture action within the time provided by statute, which is 90 days from when a claim is filed. The other options for the government within the 90 days are to include the property in a criminal forfeiture allegation or return the property.

The Clows filed this Motion to Return Property under Rule 41(g) on October 10, 2012. Rule 41(g) provides as follows:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The basis for the Clows' motion is as follows:

1. The search warrant is impermissibly overbroad in where to search, what to search for and what to seize.

2. The search warrant, to the extent that it can be reasonably narrowed, was limited to the premises and property of 2nd Amendment Guns LLC. Unlawful searches occurred beyond that location and unlawful seizures occurred beyond that location and beyond the authorization.

The dispute now centers around guns seized from the residence and garage that Mr. & Mrs. Clow claim are part of their personal collection and not subject to seizure under the warrant. Wilson Clow claims that he sells these guns online through the website "Gunbroker.com." He points out that four of the five alleged criminal violations cited in the warrant only relate to a licensed gun dealer with a FFL. He contends that no FFL is required for a private individual to sell guns online, but guns sold or purchased must be "passed through" someone with an FFL if guns are shipped interstate. The affidavit

in support of the search warrant is still part of an ongoing criminal investigation and is under seal.

The government's position in its responsive brief filed on October 24, 2012 is that there was probable cause to seize these guns under the warrant and that they are part of an ongoing criminal investigation. The government therefore contends the guns at issue are not subject to return at this time, citing *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1112–1113 (9th Cir.2008) (*citing United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir.1996), *United States v. Mills*, 991 F.2d 609, 612 (9th Cir.1993)). In its Supplemental Response filed on November 26, 2012, the government claims that the guns at issue seized under the August 22, 2012 search warrant may not be returned pursuant to the Clows' Rule 41(g) motion because the firearms are currently the subject of a valid administrative forfeiture proceeding, and will soon be the subject of a civil forfeiture proceeding. The government contends the Clows will have a adequate legal remedy and will have their opportunity to seek return of the guns in this proceeding. The court, having carefully considered the arguments of counsel and written submissions, agrees with the government that the Clows have an adequate legal remedy in the forfeiture procedure under CAFRA.

The government has cited the court to a number of cases that all clearly state that a Rule 41(g) motion is unavailable when property is retained by the government pursuant to administrative or civil forfeiture. *U.S. v. Price*, 914 F.2d 1507, 1511 (D.C.Cir.1990) (*per curiam*) ("a Rule 41(g) motion cannot be used to collaterally attack an administrative forfeiture proceeding"); *U.S. v. Zambrano*, 353 Fed.Appx. 227, 228 (11th Cir.2009) ("[a] Rule 41(g) motion is unavailable ... when property is

retained pursuant to administrative or civil forfeiture"); *see also U.S. v. U.S. Currency, $83,310.78*, 851 F.2d 1231, 1233 (9th Cir.1988) (finding the Federal Rules of Criminal Procedure inapplicable to civil forfeiture proceedings); *U.S. v. Elias*, 921 F.2d 870, 873 (9th Cir.1990) (finding the Federal Rules inapplicable to administrative forfeiture proceedings). This is because Rule 41(g) provides an equitable remedy and is not available when a claimant has a adequate legal remedy. *U.S. v. Bluitt*, 815 F.Supp. 1314, 1316–1317 (N.D.Cal.1992). The Clows present two arguments. First, they claim that mere notice of an administrative forfeiture proceeding is not enough to invoke the above rule and that a actual civil forfeiture case must be filed. CAFRA, however, specifically contemplates a notice and filing of claims that triggers action by the government within 90 days. *See* 18 U.S.C. § 983(a)(1)(i)(iv). The cases cited by the government clearly indicate that a properly and timely initiated administrative forfeiture proceeding preludes a Rule 41(g) motion. *Price*, 914 F.2d at 1511; *Zambrano*, 353 Fed.Appx. at 228. Second, the Clows say they do not have an "adequate remedy" given their immediate need to get back the guns so they can conduct some business to support themselves. The court appreciates the impatience of the Clows, but CAFRA has a specific deadline by which the government has to decide how to proceed with the forfeiture process or return the guns. CAFRA also has a specific procedure for the Clows to seek immediate return of the property. 18 U.S.C. § 983(f). The Clows will get their opportunity to seek return of the guns in the forfeiture process. This rule makes sense to avoid parallel proceedings.

## CONCLUSION

The court finds that the government's administrative foreclosure proceeding pre-

cludes Clows' motion, and that CAFRA provides the Clows with an adequate legal remedy. Accordingly, Clows' Motion to Return Property (# 6) is DENIED.

IT IS SO ORDERED.