**UNITED STATES, Appellee,**

v.

**Helmer MOSQUERA,**
**Defendant, Appellant.**

**No. 87–1729.**

United States Court of Appeals,
First Circuit.

Submitted Feb. 4, 1988.
Decided May 3, 1988.

Helmer Mosquera, pro se.

Deborah A. Ramirez, Asst. U.S. Atty., and Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., on brief, for appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Petitioner appeals from the denial of two separate post conviction motions. We review the background.

■ Petitioner pled guilty to one count of conspiracy to possess cocaine with intent to distribute and one count of possession with intent to distribute. On June 18, 1985, he was sentenced to seven years on both counts, the sentences to run concurrently, and a $25,000 fine. Almost two years later, on April 22, 1987, petitioner, pro se, filed a Motion for Appropriate Relief" [1]

---

1. Petitioner's post-conviction "Motion for Appropriate Relief" requested relief under either Fed. R.Crim.P. 32(d), Fed.R.Crim.P. 35, or 28 U.S.C. § 2255. Section 2255 would appear to be the most appropriate basis for relief and hence we construe the motion as a § 2255 petition. *See, e.g., United States v. Santora,* 711 F.2d 41, 42 (5th Cir.1983) (construing Rule 35 motion as a

§ 2255 petition and thereby precluding dismissal of appeal as untimely); *United States v. Zuleta–Molina,* 840 F.2d 157 (1st Cir.1988). Consequently, the 60 day period for appealing applies, Fed.R.App.P. 4(a)(1), rather than the 10 day period applicable to criminal cases, Fed.R. App.P. 4(b), and petitioner's appeal, filed on

contending that he had been sentenced on the basis of prejudicial, inaccurate matter inserted into the presentence report (PSR) after he had seen the report. He said the report he saw prior to sentencing did not contain the government's statement of facts. Indeed, he claimed the PSR itself acknowledged this, stating as follows: "The defendant has not seen the government's statement of the facts and cannot therefore acknowledge or dispute any assertions contained in it from those made in court." Not until March 1987, petitioner claims, did he see the complete PSR containing the government's version of the offense. This version stated that petitioner was a partner in a criminal organization which sold and distributed an average of two to three kilograms of cocaine weekly and that petitioner had acknowledged his participation at the guilty plea hearing. Petitioner's motion contended that the government had never attributed such a massive quantity to the drug organization at sentencing, that had the government done so petitioner would have disputed the amount, and that the inclusion of the inaccurate information was prejudicing petitioner with respect to parole. Petitioner asked that all references to any quantity in excess of a trace be eliminated. The motion was denied without a hearing, the court stating that the transcript of the sentencing hearing showed that petitioner had been given a chance to read the presentence report, that counsel had made one objection, and that then counsel had stated the report was without error. In a motion for reconsideration, petitioner also asked that any references to a partnership between himself and one Rodriguez also be expunged. The motion was denied.

It is true, as the district court indicated, that the sentencing transcript shows counsel had seen a PSR. Counsel said at sentencing that petitioner had read the PSR, and petitioner did not contradict that representation. Counsel also stated that there was one inaccuracy in the report where the

report referred to $761 in cash and a quantity of cocaine. The "quantity," counsel claimed, was a twenty dollar bill with traces of powder which were determined to be cocaine. Counsel asked that the word "trace" be inserted and the PSR be corrected to read "a trace quantity of cocaine." The court agreed.

This exchange does not refute petitioner's present claim which is that either he was shown an incomplete PSR or that the PSR was changed after he read it. Either would appear to violate Fed.R.Crim.P. 32(c)(3). If, as petitioner maintains, he was shown a materially incomplete PSR but that the court in sentencing him relied on a PSR containing factual assertions not shown to—and now disputed by—petitioner, then relief may be available under 28 U.S.C. § 2255.

The district court did not expressly resolve the disputed fact at the core of petitioner's claim, whether the present PSR with its reference to sales of two or three kilograms weekly was what the PSR petitioner and his counsel were furnished prior to sentencing.

 Generally, when a court disposes of a § 2255 petition without a hearing, allegations must be accepted as true except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Porcaro v. United States*, 784 F.2d 38, 40 (1st Cir. 1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 320, 93 L.Ed.2d 293 (1986). Petitioner's allegations are not contradicted by the record. While the record indicates petitioner and his counsel were shown a presentence report, the record does not show whether the PSR petitioner was shown contained the now challenged references to the sale and distribution of an average weekly two to three kilogram quantity of cocaine. Nor are petitioner's allegations inherently incredible or—considering petitioner's pro se status—unduly conclusory.[2]

July 29, 1987, challenging the June 11, 1987 denial is timely.

**2.** To be sure, petitioner's allegations were not as clear as they might have been. For example, in

paragraph four of his motion, petitioner claimed that "[s]ubstantial factual inaccuracies existed in the Government version of the offense," but that prior to sentencing petitioner

Consequently, we conclude that the order denying petitioner's motion for appropriate relief must be vacated and the case remanded for further proceedings. On remand, we think the court should do either of the following. First, the court might conduct the necessary proceedings to determine whether the challenged portion of the present PSR was in the PSR when shown to petitioner and his counsel at sentencing. Alternatively, the court might bypass that issue and determine whether the challenged portion affected the sentencing decision and, if it did not, append a notation to that effect to the presentence report. *See* Fed.R.Crim.P. 32(c)(3)(D) (if defendant alleges a factual inaccuracy, court shall either make a finding as to the allegation or a determination that no finding is necessary because the matter will not be considered in sentencing; written record of findings and determinations to be appended to PSR); *United States v. Santamaria,* 788 F.2d 824, 829 (1st Cir.1986) (sentencing court violated Fed.R.Crim.P. 32(c)(3)(D) by failing to attach to PSR the court's determination that it would not take contested information into account in sentencing).

 Petitioner also appeals from the denial of a second motion, which requested the return of property. In his motion, petitioner alleged that several days after his arrest, Drug Enforcement Agency (DEA) agents came to his home and seized a car. Petitioner claimed the vehicle had not been used for illegal activities and had not been purchased with the proceeds of illegal activity. The government opposed the motion stating that the car had been seized on June 27, 1985, that notice of intent administratively to forfeit the vehicle had been sent by certified mail to petitioner's Brookline home, that petitioner apparently received actual notice of the forfeiture action since DEA records indicated a petition for remission of forfeiture had been considered and rejected, and that petitioner's car had been forfeited sometime prior to October 31, 1985. The government submitted no documentation in support of its statements. The court denied petitioner's motion six days after it was filed and before petitioner had had any reasonable chance to reply to the government's response. The court stated no reason for the denial.[3]

On appeal, petitioner points out that by June 27, 1985 when the government says the car was seized, petitioner was already incarcerated (having been sentenced on June 18, 1985). He says his family had been forced out of the Brookline address by then and he never received notice of the

---

was unaware of the contents of this version. Yet, the only alleged inaccuracy he particularized by page number was a paragraph on page 9 of the report. Unlike the government's version, which appears in the report under the heading "Prosecution Version," the challenged paragraph is several pages later under the heading "Probation Officer's Assessment." This challenged paragraph restates what is said on page 2, paragraph (b) of the "Prosecution Version." Whether petitioner means to say that he did not see both the "Probation Officer's Assessment" and the "Prosecution Version" is unclear. Furthermore, it is clear that petitioner saw at least the third page of the prosecution version (page 4 of the report) because the objection counsel did make was to matters on this page.

Had the government moved to dismiss on the ground petitioner's allegations were too vague or self contradictory (and had petitioner not clarified his allegations in response), we would be faced with a different case. But vagueness was not the basis of the dismissal here. Rather, the government's opposition and the district court's dismissal were both premised on the fact that petitioner had seen—and had had an opportunity to object to—*a* presentence report, a fact which does not, by itself, dispose of petitioner's motion.

3. We conclude we have jurisdiction over petitioner's appeal from the denial of his motion for return of property. The motion was denied on June 15, 1987. Petitioner's notice of appeal was filed on July 29, 1987, which is within the 60 days allowed for civil appeal when the United States is a party. *See* Fed.R.App.P. 4(a)(1). To be sure, it might be argued that the ten day limit for criminal appeals should apply, Fed.R.App.P. 4(b), because the rule governing motions for return of property, Fed.R.Crim.P. 41(e), is a criminal rule and hence a proceeding under such a motion might be viewed as a criminal case. Petitioner's motion, however, did not mention Rule 41(e). Moreover, return of property may be sought in a civil action. *See United States v. Wilson,* 540 F.2d 1100, 1104 (D.C.Cir. 1976) (recognizing that convicted defendant could have brought a civil action for return of property rather than a Rule 41(e) motion); 3 C. Wright, *Federal Practice and Procedure* § 673, pp. 764–765.

administrative forfeiture proceeding or filed a petition for remission. Consequently, it appears that petitioner is attempting to attack the forfeiture proceedings on at least the following two grounds: 1) that the government never had adequate grounds for forfeiture and 2) that notice sent to a federal prisoner's pre-incarceration address is tantamount to no notice at all and hence the forfeiture should be set aside because he never received proper notice. Neither the factual disputes underlying these claims (e.g., whether petitioner did receive actual notice and filed a petition for remission) nor the merits of the claims themselves have been addressed by the government or district court.

█ It may well be that if, as the government says, petitioner's car has already been forfeited, a motion for return of property was not the proper procedural vehicle to collaterally attack the forfeiture proceeding. Rather, the proper means would appear to be one of the following. If the car had been *judicially* forfeited (that is, in a court proceeding), then petitioner could seek to set aside the judgment of forfeiture by filing a motion for relief from judgment under Fed.R.Civ.P. 60(b). If, instead, as appears more likely, the forfeiture proceedings were solely *administrative, see* 21 C.F.R. §§ 1316.75(a), 1316.77 (1987) (providing for administrative forfeiture if the value of the asset does not exceed $100,000 and claimant posts no bond), then petitioner could file a civil action under 28 U.S.C. § 1331. *See Willis v. United States,* 787 F.2d 1089, 1092–1093 (7th Cir.1986) (district court had jurisdiction under 28 U.S.C. § 1331 of plaintiff's action seeking return of forfeited property on the ground that plaintiff had not received adequate notice). In view of petitioner's pro se status, however, we do not think petitioner should be denied relief just because he chose the wrong procedural vehicle. Petitioner's "motion" should not have been denied on its face without further development. Consequently, the denial must be vacated and the case remanded for further proceedings.

The June 11, 1987 order denying petitioner's motion for appropriate relief and the June 15, 1987 order denying petitioner's motion for return of automobile are vacated and the case is remanded for further proceedings.