**ROSEVITA CHARTER CONSTRUCTION CORP., Plaintiff,**

v.

**UNITED STATES of America, Department of Justice, Defendants.**

**Civ. No. 91–1538 (JAF).**

United States District Court, D. Puerto Rico.

March 26, 1992.

**40**

Antonio Bauzá–Torres, Guaynabo, P.R., for plaintiff.

Miguel A. Fernández, Asst. U.S. Atty., Daniel F. López–Romo, U.S. Atty., San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff, Rosevita Charter Construction Corporation ("Rosevita"), commenced this action against the United States government and the United States Department of Justice seeking release of the vessel "Lady Sasson", which was seized by the Drug Enforcement Administration ("DEA"). Plaintiff also seeks damages in that the charter company was deprived of the vessel's use during the period in which it has been in the custody of the DEA.

The government has moved the court pursuant to Fed.R.Civ.P. 12(b)(1) and (5) to dismiss the action both for lack of the court's subject matter jurisdiction and for insufficiency of service of process. For the reasons stated below, we grant defendants' motion and dismiss the complaint.

■ Because this case is before us under Fed.R.Civ.P. 12(b), we accept plaintiff's factual allegations as true except to the extent that they contain subjective characterizations or unsubstantiated conclusions. *Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir.1982), *cert. denied,* 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1301 (1983). *See also Roth v. United States,* 952 F.2d 611, 613 (1st Cir.1991) ("In performing the requisite tamisage and assessing sufficiency, a court must accept as true the complaint's well-pled factual averments, excluding, however, 'bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation.' *Correa–Martinez v. Arrillaga–Beléndez,* 903 F.2d 49, 52 (1st Cir.1990)."); *Miranda v. Ponce Federal Bank,* 948 F.2d 41, 44 (1st Cir.1991).

### I.

*Facts*

Plaintiff, a Florida corporation, bought the vessel "Lady Sasson", a sixty-one foot yacht, on February 26, 1988. The vessel was documented by the United States Coast Guard.

On October 30, 1990, "Lady Sasson" was seized by agents of the Drug Enforcement

Administration ("DEA") at Puerto del Rey Marina, Fajardo, Puerto Rico. Filed along with plaintiff's complaint was a copy of the DEA *Notice of Seizure of a Conveyance for a Drug–Related Offense* ("Notice of Seizure"). Included in the Notice of Seizure is the following language.

> The conveyance was seized for a drug-related offense. Upon the filing of a claim and the posting of a cost bond, the merits of the claim and the determination of forfeiture will be conducted through a judicial proceeding pursuant to Title 21, United States Code (U.S.C.), Section 881; Title 19, U.S.C., Sections 1602–1608; and Title 21, C.F.R., Sections 1316.71–1316.81 and Sections 1316.90–1316.99.

The DEA notice went on to outline the applicable procedures for seeking an expedited review of the seizure once the party has complied with the prerequisite filing of a claim and posting of a cost bond pursuant to 19 U.S.C. § 1608 (West 1980 and 1991 Supp.).

By November 30, 1991, plaintiff claims to have both filed a petition for expedited review with the DEA and complied with the cost bond requirement by remitting a money order. Plaintiff further alleges that, as of the date the complaint was filed in this action, April 21, 1991, no action had been taken by the DEA in deciding its petition for expedited review.

In the government's motion to dismiss, this court was made aware of the fact that on April 11, 1991, the United States commenced an action seeking judicial forfeiture of the Lady Sasson pursuant to 21 U.S.C. § 881(a). *U.S. v. One 1983 Sixty One Foot Hatteras Motor Yacht named "Lady Sasson"*, etc., Civil No. 91–1455 (HL). In this forfeiture action, plaintiff filed a claim and answered the complaint pursuant to Rule C(6) of the Supplemental Rules For Certain Admiralty and Maritime Claims. The civil forfeiture action remains pending before Judge Laffitte.

## II.

### *Discussion*

The issue before us is whether, at the time this federal civil action was commenced, this court had subject matter jurisdiction to hear plaintiff's cause of action for the return of the vessel. The government argues that the judicial forfeiture action, once commenced, became the exclusive forum to contest the seizure of property by the government. Plaintiff, on the other hand, argues that its action is properly before the court, since it has an independent right to contest the seizure of its property. While we agree that in certain circumstances there may exist a right to contest a government seizure in federal court,[1] where, as here, a judicial forfeiture action pursuant to section 881(a) has been commenced, we find that plaintiff cannot maintain an independent action to seek return of the seized property.

In order to understand our ruling, it is important to focus on the time sequence of the events which transpired, as well as the interplay of the various statutory provisions and their implementing regulations.

On October 30, 1990, the Lady Sasson was seized. As the Notice of Seizure itself

---

1. In the case where no civil or criminal forfeiture action has been commenced, we think that the owner of seized property has recourse to both judicial and administrative fora to seek return of the property. In *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency*, 461 U.S. 555, 569, 103 S.Ct. 2005, 2014, 76 L.Ed.2d 143 (1983), in dicta the United States Supreme Court listed three paths a claimant could take "to trigger rapid filing of a forfeiture action if he so desires it." The claimant could file an equitable action seeking an order compelling the filing of a forfeiture action or return of the seized property. A second, less formal method would be to request that the federal agency holding the seized property refer the matter to the United States Attorney. Finally, where the "claimant believes the initial seizure was improper, he could file a motion under Federal Rule of Criminal Procedure 41(e) for a return of the seized property." *Id.* Where the conveyance is seized for a drug-related offense, 21 U.S.C. § 888, enacted in 1988, provides another procedure to seek a rapid determination of the government's right to forfeit property, *see infra*. While *Eight Thousand Eight Hundred & Fifty Dollars* dealt with a seizure pursuant to a violation of the Bank Secrecy Act of 1970, we think that the reasoning is equally applicable in other settings where government agents seize property.

related, Section 6080 of the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, 102 Stat. 4326, and its implementing regulations, 21 C.F.R. §§ 1316.71–1316.81, 1316.-90–1316.99, applied to the DEA's seizure of the vessel. Section 6080 added Section 511A to Title II of the Controlled Substances Act of 1970, Pub.L. No. 91–513, 84 Stat. 1242 (recodified at 21 U.S.C. § 888 and hereinafter referred to as "section 888" or "§ 888"). Section 888 outlines the procedures that an owner of a seized conveyance may use to petition the Attorney General for an expedited decision as to the government's right to seize the conveyance. Section 888(a)(1) gives the owner the right to file a petition for expedited review of the seizure "if the conveyance is seized for drug-related activity and the owner has filed the requisite claim and cost bond in the manner provided in section 1608 of Title 19." 21 U.S.C. § 888(a)(1). The statute mandates the Attorney General to "make a determination on a petition under this section expeditiously" and provides for the return of the conveyance to the owner "pending further forfeiture procedures" where the Attorney General fails to make the required determination within twenty days after the claimant filed the petition. Section 888(a)(2) allows the Attorney General to:

> (A) deny the petition and retain possession of the conveyance;
>
> (B) grant the petition, move to dismiss the forfeiture action, if filed, and promptly release the conveyance to the owner; or
>
> (C) advise the petitioner that there is not adequate information available to determine the petition and promptly release the conveyance to the owner.

21 U.S.C. § 888(a)(2). Also important for our case is section 888(c), which requires the Attorney General to file a complaint for forfeiture of the seized conveyance in the appropriate United States District Court within sixty days of the filing of a claim and cost bond. This sixty-day filing period can only be extended "for good cause shown" or "on agreement of the parties." Failure to file the complaint within the sixty-day period requires the court to order the return of the conveyance to the owner and bars the government from seeking forfeiture. 21 U.S.C. 888(c); 21 C.F.R. § 1316.97(b).

Looking at the relevant dates recited above, we note that "Lady Sasson" was seized on October 30, 1990. Plaintiff alleges that by November 30, 1990 the claim, cost bond, and petition for expedited review were properly filed. The judicial forfeiture action was not filed until April 11, 1991. As of April 29, 1991, plaintiff claims that no action had been taken by the Attorney General with respect to the petition for expedited review.[2] In any case, plaintiff appears to have raised a claim under section 888(c) since more than sixty days had passed between the date the claim and cost bond were allegedly filed and the date the complaint was filed in the forfeiture action. *See United States v. One White 1987 Tempest Sport Boat*, 726 F.Supp. 7 (D.Mass. 1989) (boat returned for failure of government to file complaint within sixty-day period). The fact that the statute allows the owner of the conveyance to go to federal district court to seek an order for its release, even though no action is pending, presumes that the appropriate district court would have subject matter jurisdiction, either under Fed.R.Crim.P. 41(e) or under the court's equitable jurisdiction.

However, this does not end our subject matter jurisdiction inquiry. For here we are faced with a situation where, prior to the filing of plaintiff's action in this court,

---

**2.** We note here that plaintiff's complaint was dated March 15, 1991 but was not filed with the court until April 29, 1991. Fed.R.Civ.P. 3 states clearly that "a civil action is commenced by filing a complaint with the court." We have before us no explanation as to why over a month passed between the preparing and the filing of a complaint; however, the government's commencement of a civil forfeiture action on April 11, 1991 contradicts factual allegation number 6 in the complaint which states that, as of the date of the filing, neither a decision had been notified nor action taken with respect to the petition for expedited review. We assume here that plaintiff did, in fact, receive notice of the commencement of the judicial forfeiture action.

the government commenced a judicial forfeiture action. The question then becomes whether this earlier-filed section 881(a) forfeiture action either divests this court of the power to hear plaintiff's claim or requires that we refrain from exercising our equitable jurisdiction and allow plaintiff's claim to be heard in the context of the civil forfeiture action. After reviewing federal case law on this issue, we rule that the judicial forfeiture proceeding pending before Judge Laffitte is the proper forum to hear plaintiff's claim and, therefore, dismiss plaintiff's claim.

A number of circuit courts of appeals have decided that, where a judicial forfeiture proceeding is pending, the claimant must litigate the claim for the return of the seized property in the forfeiture action. *See United States v. Hernández,* 911 F.2d 981, 983 (5th Cir.1990) (claimant's due process argument not properly before court since "the proper place to litigate the legality of the seizure is in the forfeiture proceeding"); *Shaw v. United States,* 891 F.2d 602, 603 (6th Cir.1989); *United States v. Castro,* 883 F.2d 1018, 1019 (11th Cir. 1989); *United States v. United States Currency $83,310.78,* 851 F.2d 1231, 1235 (9th Cir.1988) ("when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation"); *In re Harper,* 835 F.2d 1273, 1274 (8th Cir.1988) (claimant "cannot pursue an equitable remedy in the district court when he did not challenge in any way the very proceeding that forfeited his property in the first place"); *In re Seizure Warrant,* 830 F.2d 372, 374 (D.C.Cir.1987) (per curiam) (finding dismissal of Fed.R.Crim.P. 41(e) petition for the return of property compelled by Fed. R.Crim.P. 54(b)(5), which states that the Federal Rules of Criminal Procedure are not applicable in civil forfeiture proceedings), *vacated sub nom. Onwuasoanya v. United States,* 488 U.S. 920, 109 S.Ct. 299, 102 L.Ed.2d 319 (1988) (remanded with instructions to dismiss the Rule 41(e) proceedings as moot). *But see Floyd v. Unit-*

*ed States,* 860 F.2d 999, 1006–07 (10th Cir. 1988) (declining to follow the D.C. Circuit's reasoning in *In re Seizure Warrant* that Fed.R.Crim.P. 54(b)(5) was inapplicable where a civil forfeiture action was pending). Even the commencement of an administrative forfeiture proceeding by the government can preempt district court consideration of a motion for return of property pursuant to Fed.R.Crim.P. 41(e). *United States v. Elias,* 921 F.2d 870 (9th Cir. 1990); *United States v. Price,* 914 F.2d 1507, 1508 (D.C.Cir.1990) (per curiam) (holding that "once the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the District Court has no jurisdiction to resolve the issue of return of property"); *In re Ninety–One Thousand Dollars of United States Currency,* 715 F.Supp. 423, 425 (D.R.I.1989) (declining on equitable grounds to rule on Rule 41(e) motion for return of property where government initiated an administrative forfeiture proceeding six weeks after filing Rule 41(e) motion).

The First Circuit, while not specifically addressing the issue before us, has also implied in dicta that the forfeiture action is the proper forum for a claimant to contest a government seizure. In *United States v. One Lot of U.S. Currency,* 927 F.2d 30, 34–35 n. 7 (1st Cir.1991), in rejecting a claimant's self-styled counterclaim for the return of personalty seized along with defendant vehicle, the court suggested that in the case where a claimant seeks return of the same property subject to the forfeiture action "the district court may have jurisdiction to entertain an attempt to replevy the property *within* the contours of the government's forfeiture action." (Emphasis added). Also, in *United States v. Mosquera,* 845 F.2d 1122, 1125–26 (1st Cir. 1988), the court recognized that a motion for return of property was not the proper procedural vehicle to collaterally attack the forfeiture proceeding.[3]

---

**3.** The court in *Mosquera* opined that 28 U.S.C. § 1331 might provide a jurisdictional basis for challenging an administrative forfeiture where

the issue is whether the claimant received adequate notice of the forfeiture proceeding. 845 F.2d at 1126. In this case, there is no question

Our review of decisional law leads us to conclude that the pending forfeiture action before Judge Laffitte is the proper forum for challenging the government's alleged violation of section 888(c). The judicial forfeiture action was commenced prior to this action. Plaintiff, within the context of the forfeiture action, can raise and litigate his claim that the government violated section 888.[4] Under such circumstances, the proper disposition of this case is dismissal.

## III.

### Conclusion

Because we find that the civil forfeiture is the proper forum to contest plaintiff's claim for return of the seized vessel, we GRANT the government's motion to dismiss.[5] The action is DISMISSED.

IT IS SO ORDERED.

that plaintiff had received adequate notice of the initial seizure.

4. Of course, by dismissing this action, we do not reach the merits of plaintiff's claim.

5. In doing so, we do not rule explicitly whether this court is divested of subject matter jurisdic-

tion. We think that had the civil action for the return of the property been the first filed federal court action, we would have been squarely confronted with the question of the court's jurisdictional basis. Since that is not the situation here, we do not reach that difficult jurisdictional issue and simply decline to exercise jurisdiction over plaintiff's claim.