64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond Derrial MADDEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6465.
 United States Court of Appeals, Tenth Circuit.
 Aug. 21, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pro se petitioner Raymond Madden appeals denial of his motion under 28 U.S.C. 2255 to reduce his sentence. Petitioner is currently serving a seventy-eight-month sentence after being convicted of three drug-related charges, violations of 21 U.S.C. 841(d)(2), 843(b) and 846.
 
 
 3
 The essence of petitioner's argument is that 18 U.S.C. 3553(f), a provision in the Crime Bill, effective September 1994, should be retroactively applied to reduce his sentence. This provision states in part:
 
 
 4
 (f) Limitation on applicability of statutory minimums in certain cases.--Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 961, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
 
 
 5
 (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
 
 
 6
 (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
 
 
 7
 (3) the offense did not result in death or serious bodily injury to any person;
 
 
 8
 (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and
 
 
 9
 (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
 
 
 10
 We need not address whether this provision is to be applied retroactively, because petitioner does not meet several prerequisites for application of this 3553(f): he was not sentenced under a mandatory minimum penalty, see 21 U.S.C. 841(d)(2); he was assessed two points for his role as an organizer, leader, manager, or supervisor, see United States v. Madden, No. 92-6206 (10th Cir. Apr. 20, 1993), WL 332262; and he has not shown that he has provided information to the government or otherwise met the subsection (f)(5) requirement. The district court properly denied petitioner's 2255 motion.
 
 
 11
 AFFIRMED.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470