USCA1 Opinion

 

 October 11, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1160  UNITED STATES, Appellee, v. BRYON S. MISEPH, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] __________________________ ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________ ____________________ Bryon Miseph on brief pro se. ____________ Donald K. Stern, United States Attorney, and C. Jeffrey Kinder, ________________ _________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. In October 1993, defendant Bryon Miseph was __________ sentenced to a combined 100-month prison term following his guilty plea to cocaine and firearms offenses. Nearly fourteen months later, he filed a motion under Fed. R. Crim. P. 41(e) for the return of some eighteen firearms that had been taken from his residence following his arrest--claiming that the items had been unlawfully seized and had been unrelated to his criminal activity. In response, the government stated that, after notice to all known interested parties had been provided and no claim had been filed, the property had been administratively forfeited and subsequently destroyed. Evidence attesting to the declaration of forfeiture and the destruction was provided. The district court denied the motion the following day--finding that the property was no longer in existence and that, in any event, it had been "lawfully seized and forfeited." Defendant now appeals, claiming that he never received notice of the forfeiture. He notes in this regard that, pursuant to court order, he had been confined under "house arrest" in his parents' residence in East Falmouth, Massachusetts during the relevant period. The issue before us is a narrow one. The government acknowledges that a district court has jurisdiction to entertain collateral due process attacks on administrative forfeitures. See, e.g., United States v. Giraldo, 45 F.3d ___ ____ _____________ _______ 509, 511 (1st Cir. 1995) (per curiam) (listing cases). It also acknowledges that the destruction of the property in question here did not render such an action moot--suggesting that the motion could have been treated as an "equitable claim for damages," see, e.g., Rufu v. United States, 20 F.3d ___ ____ ____ _____________ 63, 65 (2d Cir. 1994); United States v. Martinson, 809 F.2d _____________ _________ 1364, 1366-69 (9th Cir. 1987), and noting that a civil action for damages would in any event lie, see, e.g., Mora v. United ___ ____ ____ ______ States, 955 F.2d 156, 160 (2d Cir. 1992); cf. United States ______ ___ _____________ v. Mosquera, 845 F.2d 1122, 1126 (1st Cir. 1988) (per ________ curiam). The government simply contends that, as the Rule 41(e) motion was properly denied, we should affirm without prejudice to defendant filing a separate action for appropriate relief. We agree. Defendant has raised his due process challenge for the first time only on appeal. As such, the district court's ruling obviously cannot be considered an abuse of discretion based upon the record then before the court. To be sure, it might have been better practice had the district court afforded defendant an opportunity to address the government's opposition before ruling. Yet defendant (who claims that he first learned of the forfeiture and destruction by reading such opposition) could have presented his due process challenge to the lower court by way of a timely motion for reconsideration, but failed to do so. -3- Under these circumstances, we think it appropriate to affirm the district court's order, albeit without prejudice to defendant's assertion of his due process claim in an independent action under 28 U.S.C. 1331. Affirmed.  _________ -4-