**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 9/3/96**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.
                                       No. 96-6118

RAYMOND D. MADDEN,

    Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. CR-92-10-T)**

_____

Submitted on the briefs.[*]

Patrick M. Ryan, United States Attorney; M. Jay Farber, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Raymond D. Madden, pro se.

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

**BRORBY**, Circuit Judge.

    Raymond D. Madden, a federal prisoner proceeding *pro se* and *in forma*

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

*pauperis*, appeals the district court's denial of his motion for the return of property pursuant to Fed. R. Crim. P. 41(e). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I

A jury convicted Mr. Madden of one count of distributing phenylacetic acid, a precursor chemical in the manufacture of methamphetamine (21 U.S.C. § 841(d)(2)), one count of conspiracy to distribute phenylacetic acid (21 U.S.C. §§ 841(d)(2) & 846), and one count of using a telephone to facilitate a conspiracy to distribute phenylacetic acid (21 U.S.C. § 843(b)). *United States v. Madden*, No. CR-92-010-T (W.D. Okla.). We later affirmed Mr. Madden's conviction and sentence on direct appeal. *United States v. Madden*, No. 92-6202 (10th Cir. Aug. 20, 1993), 1993 WL 332262, *cert. denied*, 114 S. Ct. 1116 (1994). Mr. Madden then moved for post-conviction relief pursuant to 28 U.S.C. § 2255. The district court denied the motion and we again affirmed. *Madden v. United States*, No. 94-6465 (10th Cir. Aug. 21, 1995), 1995 WL 495247.

After the jury convicted Mr. Madden, the government initiated an *in rem* civil forfeiture proceeding against certain real property pursuant to 21 U.S.C. § 881(a)(7), alleging the property was used to facilitate the commission of a drug offense. *United*

*States v. Real Property Located at Rt. 1, Box 118, Washita County, Okla.*, Civil Case No. 92-2012-A (W.D. Okla.). Mr. Madden answered the complaint, and the government subsequently moved for summary judgment. The magistrate judge presiding over the case did not rule on the motion for summary judgment. Instead, both the government and Mr. Madden's attorney, acting on behalf of Mr. Madden, signed an "Agreed Order of Forfeiture." Mr. Madden did not appeal the forfeiture order.

Mr. Madden later filed a Fed. R. Crim. P. 41(e) motion in his criminal case, seeking the return of his real property. In his motion, Mr. Madden contended the forfeiture amounted to double jeopardy in violation of the Fifth Amendment. The district court denied Mr. Madden's motion. In doing so, however, the district court did not reach the merits of Mr. Madden's double jeopardy argument, but instead concluded it lacked jurisdiction to grant relief under Fed. R. Crim. P. 41(e) because his criminal case was complete and that even if were to construe Mr. Madden's motion as an independent civil action based upon equitable principles, equitable relief was not appropriate because Mr. Madden has an adequate remedy at law, namely, a motion for relief from judgment pursuant Fed. R. Civ. P. 60(b) filed in his civil forfeiture case. Mr. Madden did not heed the district court's recommendation that he file a Fed. R. Civ. P. 60(b) motion in his civil forfeiture case, but has instead

appealed the denial of the Fed. R. Crim. P. 41(e) motion he filed in his criminal

case.[2]


## II

Fed. R. Crim. P. 41(e), which is a part of the federal rule governing the

issuance and execution of search warrants and suppression of evidence obtained as

a result of unlawful searches and seizures, provides in pertinent part:

---

[2] The district court denied Mr. Madden's motion on February 27, 1996. Mr. Madden did not file his notice of appeal until March 26, 1996. If we view Mr. Madden's Fed. R. Crim. P. 41(e) motion as a "criminal case," we must dismiss his appeal for lack of jurisdiction, because his notice of appeal was not filed within ten days after the district court entered its order denying his motion. Fed. R. App. P. 4(b). If, however, we view the motion as a "civil case," the notice of appeal was timely, because Mr. Madden filed it within sixty days after the district court entered its order. Fed. R. App. P. 4(a)(1). We have never considered whether a motion for return of property is a civil or criminal action for the purposes of determining the time for filing the notice of appeal. Our sister circuits have unanimously held, however, that a Fed. R. Crim. P. 41(e) motion is a "civil case" within the meaning of Fed. R. App. P. 4(a)(1) and that the sixty-day period prescribed therein applies. *See United States v. Garcia*, 65 F.3d 17, 18 n. 2 (4th Cir. 1995); *Hunt v. Department of Justice*, 2 F.3d 96, 97 (5th Cir. 1993) ("Rule 41(e) motions represent a means by which a criminal defendant can determine her rights in property, and not a part of the trial and punishment process that is criminal law"); *United States v. Taylor*, 975 F.2d 402, 403 (7th Cir. 1992) ("All appeals from orders granting or denying motions under Rule 41(e) will be treated as civil appeals."); *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987) (holding sixty-day limit in Fed. R. App. P. 4(a)(1) applies even though motion was filed in defendant's criminal case and bore a criminal docket number). We agree with our sister circuits on this point. Also, because there is no criminal proceeding currently pending against Mr. Madden, the district court's order denying his Fed. R. Crim. P. 41(e) motion is a "final decision[] of the district court[]" within the meaning of 28 U.S.C. § 1291. *Martinson*, 809 F.2d at 1367.

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.

Although Fed. R. Crim. P. 41(e) is contained in the Federal Rules of Criminal Procedure, we have held "[p]roceedings surrounding the motion for return of property seized in a criminal case are civil in nature," and that the higher standard of proof applicable in criminal proceedings does not apply. *United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991). We have also held the remedy provided under Fed. R. Crim. P. 41(e) may be available even if there is no criminal action currently pending against the party seeking the return of property. *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996); *Floyd v. United States*, 860 F.2d 999, 1006 (10th Cir. 1988). For example, we and a number of our sister circuits have held that if there are no criminal proceedings pending against the defendant, and the defendant files a Fed. R. Crim. P. 41(e) motion for return of property seized in a prior *nonjudicial* forfeiture proceeding or as part of some other *nonjudicial* proceeding or occurrence, the district court should construe the motion as an independent civil action based on equitable principles. *See Clark*, 84 F.3d at 380-81; *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995); *Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir. 1992); *United States v. Woodall*, 12 F.3d 791, 793-94 & n.1 (8th Cir. 1993); *United States v. Martinson*, 809

F.2d 1364, 1366-67 (9th Cir. 1987).

The cases holding the district court should construe a Fed. R. Crim. P. 41(e) motion for return of property seized in a prior *nonjudicial* forfeiture proceeding or as part of some other *nonjudicial* proceeding or occurrence filed after the criminal case is complete as an independent civil action based on equitable principles are distinguishable from this case, however, because the property Mr. Madden seeks was forfeited in a *judicial* forfeiture proceeding brought in district court pursuant to 21 U.S.C. § 881(a)(7). Fed. R. Crim. P. 54(b)(5) provides that the Federal Rules of Criminal Procedure, including Fed. R. Crim. P. 41(e), "are not applicable to ... civil forfeiture of property for violation of a statute of the United States." We have explained that Fed. R. Crim. P. 54(b)(5) "stands for the proposition" Fed. R. Crim. P. 41(e) "will not govern a judicial civil forfeiture proceeding in district court" pursuant to 21 U.S.C. § 881. *Floyd*, 860 F.2d at 1007. Therefore, in light of Fed. R. Crim. P. 54(b)(5), neither Fed. R. Crim. P. 41(e) nor an independent equitable action brought under the guise of Fed. R. Crim. P. 41(e) was the appropriate vehicle for seeking the return of the forfeited property in this case.

There was, however, an adequate remedy available to Mr. Madden. In *United*

*States v. Mosquera*, 845 F.2d 1122, 1126 (1st Cir. 1988), the First Circuit recognized that although a party cannot challenge a *judicial* forfeiture by filing an independent civil action under the guise of Fed. R. Crim. P. 41(e), as he could have had the property been seized in a *nonjudicial* forfeiture proceeding, he may nevertheless challenge the forfeiture by filing a motion for relief from judgment entered in the civil forfeiture proceeding pursuant to Fed. R. Civ. P. 60(b). *Mosquera*, 845 F.2d at 1126. We agree with the First Circuit on this point, and hold the appropriate vehicle for challenging a civil forfeiture judgment is a motion for relief from judgment under Fed. R. Civ. P. 60(b). *See United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) (motion under Fed. R. Civ. P. 55(c) and 60(b) appropriate vehicle for challenging a default entered in an *in rem* judicial forfeiture proceeding in district court); *see generally United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1308-09 n. 2 (10th Cir. 1994) (Federal Rules of Civil Procedure and Supplemental Rules for Certain Admiralty and Maritime Claims govern civil forfeiture actions in district court); *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1216 (10th Cir. 1986) (same). Because Mr.

Madden did not challenge the forfeiture by filing a Fed. R. Civ. P. 60(b) motion in the civil forfeiture proceeding, the district court was correct to deny relief.

**AFFIRMED.**