**UNITED STATES COURT OF APPEALS**
**Filed 11/26/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ALEX YUNG,

     Defendant-Appellant.

No. 96-3121
(D.C. No. 91-20049-01)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Alex Yung, proceeding *pro se* and *in forma pauperis*, appeals the district

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's minute order of February 23, 1996, insofar as it denies his Fed. R. Crim. P. 41(e) motion for the return of computer and electronic equipment the government claims was forfeited on June 11, 1992. We exercise jurisdiction to review Mr. Yung's appeal pursuant to 28 U.S.C. § 1331 and remand for proceedings consistent with this order and judgment.

In 1992, a jury convicted Mr. Yung of conspiracy to defraud the United States government in violation of 18 U.S.C. § 371. Evidence supporting Mr. Yung's conviction included documents and computer and electronic equipment seized in conjunction with a search warrant executed in 1988. In January 1996, after the completion of criminal proceedings,[1] Mr. Yung filed a Fed. R. Crim. P. 41(3) motion with the district court for the return of the property seized from him in 1988.

In response to Mr. Yung's motion, the government informed the district court it had initiated forfeiture proceedings against the computers and electronic items in early 1989, in accordance with I.R.C. § 7302. Those proceedings were finalized in June 1992, after Mr. Yung's conviction. Thereafter, the government

---

[1] This court affirmed Mr. Yung's conviction in *United States v. Scott,* 37 F.3d 1564 (10th Cir. 1994), *cert. denied*, 115 S. Ct. 1324 (1995).

disposed of the computer and electronic equipment and stored the work papers and other confiscated documents. With the exception of the computer and electronic equipment, the government stated it was willing to return the confiscated evidence to Mr. Yung. Notably, however, the government provided no record or additional information as to the nature or regularity of the forfeiture proceedings.

Mr. Yung filed a "Response to Government's Response" in which he claimed (1) the only notification he received regarding the forfeiture action "was a request for a twenty five hundred (2500) dollar posted bond to secure the non-forfeiture of the computer equipment," (2) he mailed the requested bond in a timely manner "to secure the equipment," and (3) "[t]he tendering of the bond constitutes a claim against the IRS and puts the burden upon them." Mr. Yung further stated "a potential return of the bond in exchange for the forfeiture is not acceptable." Mr. Yung signed and dated his response on February 22, 1996; however, his response was not filed with the court until February 27, presumably due to prison processing and mailing. On February 23, prior to receiving Mr. Yung's response, the district court ordered the government to "return the seized property with the exception of computer and electronic equipment which was forfeited on June 11, 1992." The district court did not address jurisdictional

issues or the relative merits of Mr. Yung's motion.

In his brief on appeal, Mr. Yung reemphasizes he timely submitted a payment of twenty-five hundred dollars as bond to prevent the forfeiture of his computer and electronic equipment. As a result of the forfeiture, Mr. Yung claims he has lost the amount of that forfeiture bond in addition to several thousands of dollars of equipment he "presumed to have been safeguarded until finalization of the Court Proceedings." Mr. Yung therefore requests this Court to remand the matter to the district court with "appropriate reimbursement instructions."

The United States asserts this Court lacks jurisdiction because Mr. Yung's appeal is untimely under Fed. R. App. P. 4(a)(1) and 4(b). In the alternative, the United States argues this Court has no jurisdiction to afford relief against a civil forfeiture action under Fed. R. Crim. P. 41(e). According to the government, Fed. R. Crim. P. 41(e) cannot provide a jurisdictional basis for this appeal because Fed. R. Crim. P. 54 precludes criminal rules from applying to civil forfeitures and because there is no longer an active criminal proceeding connected with the seizure of Mr. Yung's property. Both arguments are wholly without merit under established Tenth Circuit precedent.

First, although Fed. R. Crim. P. 41 (e) is contained in the Federal Rules of Criminal Procedure, we have held a motion for return of property pursuant to Fed. R. Crim. P. 41(e) is a "civil case" within the meaning of Fed. R. App. P. 4(a)(1) and that the sixty-day period prescribed therein applies. *United States v. Madden*, 95 F.3d 38, 39 n.1 (10th Cir. 1996). Mr. Yung timely filed his appeal from the district court's February 23, 1996, order on March 29, 1996, in accordance with the rules.

Second, as to our jurisdiction to consider Mr. Yung's appeal, we have long recognized that while Fed. R. Crim. P. 41(e) is part of the criminal rule governing the issuance and execution of search warrants and suppression of evidence obtained as a result of unlawful searches and seizures, the "[p]roceedings surrounding the motion for return of property seized in a criminal case are civil in nature." *United States v Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991). We also have held the Fed. R. Crim. P. 41(e) remedy may be available even if no criminal action currently is pending against the party seeking the return of property. *Madden*, 95 F.3d at 40*; United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996); *Floyd v. United States*, 860 F.2d 999, 1006-07 (10th Cir. 1988). For example, we have instructed the district courts to construe a Fed. R. Crim. P. 41(e) motion for return of property as an independent

civil action based on equitable principles where the property was seized in a prior nonjudicial forfeiture or as part of some other nonjudicial proceeding or occurrence. *See Madden*, 95 F.3d at 40.

Since Mr. Yung is appearing *pro se*, we must construe his pleadings and papers liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A fair reading of those pleadings and papers presents a due process challenge against forfeiture proceedings that the record indicates were administrative as opposed to judicial. Accordingly, the fact that Mr. Yung brought his motion in the district court under Fed. R. Crim. P. 41(e) does not defeat the court's jurisdiction to hear Mr. Yung's forfeiture challenge. *Clark*, 84 F.3d at 381. "Due process attacks on forfeiture proceedings may be pursued in a civil action under 28 U.S.C. § 1331." *Id*.

Having determined we have jurisdiction to decide this appeal, we conclude a remand is necessary. Aside from Mr. Yung's statements regarding notice and the posting of a $2,500 bond, and the government's assertion that it followed administrative forfeiture proceedings under I.R.C. § 7203, the present record is devoid of any facts concerning the nature and regularity of the forfeiture proceedings. The district court made no findings and gave no indication it considered the merits of Mr. Yung's claim for the return of the computer and

electronic equipment. In the absence of such information, we are unable to resolve the merits of Mr. Yung's claim.

As there must be a remand to permit further district court consideration of Mr. Yung's claim, we wish to clarify our position on two issues inherent in that claim: burden of proof and mootness. In cases such as this one where the property in question is no longer needed for evidentiary purposes, we agree with the Ninth Circuit that "[t]he person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) (footnote omitted). Thus far, the government summarily has relied on the fact that, by virtue of the forfeiture proceedings, it no longer possesses the computer and electronic equipment as its legitimate reason to dispute Mr. Yung's claim for return of the property. In this regard, we again agree with the Ninth Circuit that the government's lack of possession or control of the property at issue does not render this case moot. *Martinson*, 809 F.2d at 1367-69. Mr. Yung's Fed. R. Crim. P. 41(e) motion necessarily requests equitable relief. By assuming equitable jurisdiction to hear Mr. Yung's motion, the court may award damages incident to his claim. Moreover, the remedy proposed by the government -- a separate civil action pursuant to 28 U.S.C. § 1346(a)(2) or 28

U.S.C. § 1491(a)(1) -- is inadequate considering the time and expense involved. This is particularly true where, as here, the court considering the Fed. R. Crim P. 41(e) motion already has jurisdiction over the matter and maintains its jurisdiction as long as necessary to provide an adequate remedy to the movant. *See id*. Under these circumstances, Mr. Yung should be allowed to amend his motion to request damages if he so desires.

We **REMAND** this case to the district court for further proceedings consistent with this opinion.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge
