USA v. Gray                          CR-89-26-SD    04/27/98
          UNITED STATES DISTRICT COURT FOR THE

                 DISTRICT OF NEW HAMPSHIRE

United States of America

     v.                              Crim. No. 89-26-01-SD

Alton Gray, a/k/a Dan Gray


                        O R D E R


     Invoking the provisions of Rule 41(e), Fed. R. Crim. P.,[1]

Alton Gray has moved for the return of certain property which he

claims to have been improperly seized by the United States.[2]  For

reasons that follow, the relief requested must be denied.

_____

     [1]Rule 41(e), Fed. R. Crim. P., provides in relevant part,

          A person aggrieved by an unlawful search and
          seizure or by the deprivation of property may move
          the district court for the district in which the
          property was seized for the return of the property
          on the ground that such person is entitled to
          lawful possession of the property.  The court
          shall receive evidence on any issue of fact
          necessary to the decision of the motion.  If the
          motion is granted, the property shall be returned
          to the movant although reasonable conditions may
          be imposed to protect access and use of the
          property in subsequent proceedings. . . .

     [2]The plethora of pleadings filed by plaintiff include his
motion for return of property (document 73); his motion in
response to the government's motion for extension of time
(document 76); his motion for summary judgment (document 79); and
his motion pursuant to Federal Rule of Criminal Procedure 41(e)
(document 84).

## 1. Background

On October 17, 1989, Gray entered a plea of guilty to a charge of conspiracy to distribute cocaine.[3] He was subsequently sentenced and is currently incarcerated while serving his sentence.[4]

On May 16, 1989, in a separate civil proceeding, the United States filed its complaint for forfeiture in rem of four parcels of real estate located in Manchester and Goffstown, New Hampshire.[5] Included therein were the premises listed at 421 Granite Street, Manchester, New Hampshire, which premises are the subject of the instant dispute.

On September 18, 1990, the judge presiding over the forfeiture proceedings (Stahl, J.) granted the government's motion to dismiss the premises at 421 Granite Street from those proceedings. The motion was grounded on the fact that the mortgage held by Dime Savings Bank was such that the government could expect no equity from any sale of those premises.

---

[3]The plea agreement executed by Gray (Crim. No. 89-26-01-D, document 52) at page 5 lists the premises at 421 Granite Street, Manchester, New Hampshire, as among the properties to which defendant agreed to forfeit his claim and any interest therein.

[4]The initial sentence imposed on January 3, 1990, was substantially reduced on January 8, 1991, pursuant to a motion filed by the government under Rule 35(b), Fed. R. Crim. P.

[5]On June 21, 1989, the government filed an amended complaint for forfeiture in rem, but the amendments are not relevant to the instant proceedings.

## 2. Discussion

Where, as is here the case, the underlying criminal case has been closed, Rule 41(e) is not the proper basis for seeking the return of property. United States v. Mosquera, 845 F.2d 1122, 1126 (1st Cir. 1988). Rather, in a case of judicial forfeiture, the matter must be addressed by medium of a motion for relief from judgment pursuant to Rule 60(b), Fed. R. Civ. P. Id.[6] In the interest of justice and judicial efficiency, the court here treats the pleadings before it as if they had been filed pursuant to the latter rule.

Although Gray contends that certain personal property within the premises at 421 Granite Street, Manchester, New Hampshire, was improperly seized from him, it is clear from the response of the government, including factual affidavits of the parties involved, that it initially sought only to forfeit the premises at 421 Granite Street, and not any of the contents thereof. Moreover, at the time forfeiture was sought, title to those premises was held in the name of one Eric Welch, who had agreed to abandon his claims thereto as part of a plea bargain in a criminal action brought against him.[7]

---

[6]Where administrative forfeiture, as contrasted to the judicial forfeiture here sought, is at issue, the claimant is entitled to bring a separate civil action pursuant to 28 U.S.C. § 1331. See United States v. Guzman, 85 F.3d 823, 830 (1st Cir.), cert. denied, ___ U.S. ___, 117 S. Ct. 537 (1996); United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995).

[7]Gray's claim that certain colloquy of the Assistant United States Attorney found at page 12 of the taking of his plea herein (Crim. No. 89-26-01-D, document 55) equates with a requirement

3

In short, as Gray had no valid claim to the 421 Granite Street premises, and as the premises were properly named as subject to and properly and subsequently dismissed from forfeiture, his claims for return of said premises and their contents is without legal merit and, accordingly, the relief which he here seeks must be and it is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 27, 1998

cc:    United States Attorney
       United States Marshal
       United States Probation
       Alton Gray, pro se

_____

that he be treated as the alter ego of Eric Welch is without merit.  Fairly read, this colloquy does not support any such claim.

4