**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Samuel APONTE–VEGA, also known as Sammy, Defendant–Appellant.**

**Docket No. 99–1724.**

United States Court of Appeals, Second Circuit.

Submitted: Oct. 3, 2000

Decided: Oct. 18, 2000

Samuel Aponte–Vega, pro se.

Leslie C. Brown, Assistant United States Attorney, for Mary Jo White, United States Attorney for the Southern District of New York (Jane A. Levine, Assistant United States Attorney, on the brief).

Before: McLAUGHLIN, CALABRESI, and SOTOMAYOR, Circuit Judges.

PER CURIAM.

Samuel Aponte–Vega appeals from a decision of the United States District Court for the Southern District of New York (Duffy, *J.*) denying his motions for a new trial and for return of property. Aponte–Vega challenges the district court's conclusion that neither of these motions was timely filed. We affirm.

## BACKGROUND

In November 1992, a jury convicted Aponte–Vega on multiple counts of criminal activity relating to a large heroin distribution conspiracy. Aponte–Vega was subsequently sentenced to life imprisonment, to be followed by an additional five years' imprisonment, to be followed by a life-term of supervised release.

In April 1996, Aponte–Vega filed a Rule 33 motion seeking a new trial on the basis of alleged newly discovered evidence and on a number of other grounds including ineffective assistance of counsel, prosecutorial misconduct, and evidentiary errors. Judge Duffy denied the motion as untimely. In May 1997, this Court vacated Judge Duffy's order, explaining that Aponte–Vega's Rule 33 motion, to the extent that it was based on newly discovered evidence, was timely filed. *See United States v. Aponte–Vega,* 113 F.3d 1230 (2d Cir.1997) (Table).

On remand, Judge Duffy once again denied Aponte–Vega's Rule 33 motion, rejecting, on the merits, the request for a new trial on the basis of newly discovered evidence, and holding that all of Aponte–Vega's other claims in support of his motion were procedurally barred insofar as they either were or should have been considered in his direct appeal. In January 1998, this court affirmed in part and vacated and remanded in part. We upheld the district court's dismissal of Aponte–Vega's Rule 33 motion insofar as it relied on newly discovered evidence, but remanded for "the district judge to specify which [claims] are denied because they were raised and adjudicated on appeal and, as to claims not raised on appeal, how the district court rules, given Aponte–Vega's claim that he had ineffective assistance of appellate counsel." *United States v. Aponte–Vega,* 172 F.3d 38 (2d Cir.1998) (Table).

On October 25, 1999, Judge Duffy again denied Aponte–Vega's Rule 33 motion, explaining that all of Aponte–Vega's remaining claims were time-barred because they

had not been filed within seven days of the jury verdict.

In July 1991, the government had obtained several *in rem* warrants to seize various pieces of property that were subject to forfeiture as assets traceable to the profits of drug-related crimes committed by Aponte–Vega and others. In December of that year, the government brought a civil action seeking forfeiture of the seized assets, including automobiles, boats, bank accounts, and the contents of safe deposit boxes. Aponte–Vega was served with a copy of the complaint and advised of his right to file a claim to the property.

Aponte–Vega filed no such claim, and failed to answer the government's complaint. In 1992, Judge Leisure (S.D.N.Y.), presiding over the forfeiture proceeding, issued a partial default judgment forfeiting to the United States all properties with respect to which no claim had been filed.[1] In June 1992, in his criminal proceeding before Judge Duffy, Aponte–Vega filed a motion for return of the property that had been seized pursuant to the *in rem* warrants. Aponte–Vega asserted that the property should be returned to him because it had not been listed on the face of the warrants and was not going to be used by the government over the course of his criminal trial. The motion made no reference to the forfeiture proceeding. Judge Duffy denied the motion.

In December 1993, Aponte–Vega filed, *pro se*, a motion pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure seeking dismissal of the civil forfeiture action. Aponte–Vega argued that the government had failed to provide a judicial hearing before seizing the property and that the *in rem* warrants were based on false information.[2] In these filings, however, Aponte–Vega acknowledged his receipt of a "notice ... advising him of an up coming [sic] appearance before the Honorable Peter K. Lesiure...."

In September 1997, Aponte–Vega filed another motion with Judge Duffy requesting, on substantially the same grounds, return of the seized property. In his order of October 25, 1999, denying Aponte–Vega's request for a new trial, Judge Duffy also denied Aponte–Vega's motion for return of the forfeited property. The district court construed Aponte–Vega's motion, which he had, once again, styled as a Rule 41(e) motion under the Federal Rules of Criminal Procedure, as a motion for reconsideration under Rule 60(b)(1) and 60(b)(3) of the Federal Rules of Civil Procedure, alleging mistake and fraud. Judge Duffy found the motion to be time-barred insofar as it had not been filed within one year of the entry of the default judgment in the forfeiture action. Judge Duffy noted that the September 1997 motion could be "related back" to Aponte–Vega's December 1993 motion challenging the seizure of property. That motion, however, was itself untimely because the default judgment had been entered in June of 1992.[3]

The district court also noted that, even if Aponte–Vega's Rule 60(b) motion were deemed timely, it would fail on the merits because the record indicated that he had received proper notice of the civil forfeiture proceeding and because the overwhelming evidence presented in the criminal trial would render fruitless any defense against forfeiture.

This appeal followed.

1. Though Aponte–Vega had not filed a claim to any of the property, others had, and so Judge Leisure's default judgment extended only to those items that had not been claimed at all.

2. Aponte–Vega filed a similar motion in February 1994, which Judge Griesa dismissed as duplicative of the motion pending before Judge Duffy.

3. Though Aponte–Vega had, in June of 1993, filed a motion with the district court challenging the seizure of his property, that motion related only to the criminal proceeding and not to the civil forfeiture action. For this reason, the September 1997 motion was deemed not to "relate back" to the June 1993 motion.

## DISCUSSION

*Rule 33   Motion*

██ "Consideration of a motion for a new trial [pursuant to Rule 33] is committed to the sound discretion of the district court, and we will not overturn the denial of such a motion in the absence of an abuse of discretion." *United States v. Parker*, 903 F.2d 91, 103 (2d Cir.1990). "Such relief is merited only if, *inter alia*, the evidence is such that it would probably lead to an acquittal, . . . and would create a reasonable doubt that did not otherwise exist." *United States v. Diaz*, 922 F.2d 998, 1006 (2d Cir.1990) (internal quotation marks and citation omitted).

The district court's denial of Aponte–Vega's motion for a new trial is affirmed for substantially the reasons it gave.

*Motion for Return of Property*

██ Because Aponte–Vega's motion for return of the seized property is made with respect to a civil forfeiture, his motion is treated as a civil one. *See United States v. Giovanelli*, 998 F.2d 116, 119 (2d Cir. 1993). We agree with the First Circuit, *see United States v. Mosquera*, 845 F.2d 1122, 1126 (1st Cir.1988), and the Tenth Circuit, *see United States v. Madden*, 95 F.3d 38, 40 (10th Cir.1996), that Rule 60(b) of the Federal Rules of Civil Procedure is the appropriate rule in these circumstances. Because we agree with the district court, for substantially the reason it gave, that Aponte–Vega's motion was not timely under Rule 60(b), we affirm.

\*    \*    \*    \*    \*    \*

The judgment of the district court is AFFIRMED.